IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

A.J. and Q.C.,                          :
      Plaintiffs,                      :
                                      :    CIVIL ACTION FILE NO.
      v.                               :    1:23-CV-04247-JPB
                                        :
MASP, LLC,                              :
      Defendant.                        :

**JOINT DISCOVERY STATEMENT**

Pursuant to the Court's Standing Order, the Parties file their Joint Discovery Statement as follows:

**I.    Subpoenas to Produce Documents in Dispute**

At issue are Subpoenas to Produce Documents ("Subpoenas") issued to medical providers identified by Plaintiffs A.J. and Q.C. in their discovery responses that were originally issued on February 15, 2024. Plaintiffs' counsel notified defense counsel of his objections to the Subpoenas as beyond the scope of discovery on February 26, 2024. Plaintiffs' counsel further objected to the disclosure of HIPAA protected medical information without a qualified protective order. Defense counsel is agreeable to a qualified protective order being entered in this case, which should resolve the HIPAA issue.

After conferring with opposing counsel, a discovery dispute remains

regarding the scope of the documents to be produced by non-parties. In light of the ongoing dispute, defense counsel sent letters to The Emory Clinic, WellStar Kennestone Hospital, Emory University Hospital Midtown, Wellstar Atlanta Medical Center, and Piedmont Henry Hospital withdrawing the Subpoenas on March 5, 2024 in order to provide the parties time to seek this Court's assistance to resolve the discovery dispute.[1] Upon resolution of this dispute, Defendant intends to reissue subpoenas to Plaintiffs' medical providers.

II.    **Key Issues and Proposed Solutions** – Subpoenas to Eagles Landing OB/GYN, Piedmont Henry Hospital and Wellstar Kennestone Hospital requesting A.J.'s medical records and Subpoenas to Emory University Hospital Midtown, The Emory Clinic, and Wellstar Atlanta Medical Center requesting Q.C.'s medical records:

**Plaintiffs' position:** Minor victims of sex trafficking have the same rights to privacy as every other litigant. There is nothing about minor sex trafficking that opens up a victim's entire medical history to be rummaged through by defendants.

Here, Plaintiffs were trafficked at Defendant's hotel 11 years ago, when they were each 14. Defendants asked overly-broad discovery questions, including all

---

[1]    Eagles Landing OB/GYN responded to the subpoena and produced records prior to the date of compliance. Upon receipt, defense counsel promptly provided Plaintiffs' counsel with copies of the records and agreed not to review the records until the discovery dispute was resolved. While defense counsel has not reviewed the records, Plaintiffs' counsel obtained permission from their client and has reviewed the records.

facilities where Plaintiffs received "any medical care." The requests were not limited to medical care related to Plaintiffs' trafficking, the damages sought, or diagnoses of a similar nature. Plaintiffs objected but answered. In response, Defendants subpoenaed every listed medical facility for all documents from "any time from the past to the present."[2] Though Defendant disagrees, Plaintiffs have received medical care in the last 16 years that has nothing to do with their trafficking, and over which they have statutory and constitutional rights to privacy.

For example, Plaintiff Q.C. told Defendants the 2020 birth of her daughter, 7 years after her trafficking, had no connection to her lawsuit or damages. Defendant disagrees. Plaintiff A.J.'s example is worse. Her OB/GYN violated her HIPAA rights by producing A.J.'s entire gynecological file to Defendant before she had an opportunity to object. There are a handful of records from 2013, which Plaintiff has offered to produce pending a HIPAA qualified protective order. No other records exist until 2021. These are largely routine vaginal exam records. However, in 2023, A.J. had a pregnancy that ended in miscarriage. The numerous sonograms of her deceased child in utero are certainly private, have no logical connection to this

---

[2] During conferral, Defendants agreed to "limit" their request to five years prior to the sex trafficking in 2013 (back to 2008, when Plaintiffs were 8 or 9 years old) to the present. In other words, the last 16 years.

action, and would only allow Defendant to harass A.J. with irrelevant material.[3]

What Defendant should have requested are medical records related to treatment Plaintiffs received due to their trafficking or which contain diagnoses for which Plaintiffs will seek damages (whether caused by the trafficking or not).[4] *Cameron v. Supermedia, LLC*, 2016 WL 1572952, at *3–*5 (N.D. Fla. Apr. 19, 2016).[5] Such records would be logically connected to this case. But if Plaintiffs are not seeking damages related to the records or diagnoses in question, the records are not logically connected to the lawsuit, and thus, are not discoverable. *Id.* [6]

Plaintiffs request any medical records be produced to them for review and production of material that is responsive to the request in the preceding paragraph, related to their trafficking or their damages. If necessary, Plaintiffs request

---

[3] Notably, these are not mental health records, but gynecological records.

[4] This would allow Defendant access to records, for example, that contain references to mental or emotional diagnoses (such as anxiety or PTSD) through which Defendant could explore causation.

[5] "A defendant is not automatically entitled to full disclosure all plaintiff's medical records and unrestricted as to time or circumstance simply because some level of emotional distress is claimed. The contention that any physical malady might cause emotional distress ... scarcely gives defendants a license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress."

[6] "If it wasn't explicit from the previous order, this Court denied the motion to compel because the question actually asked (identify all health care providers and authorize release of records) was overbroad and the record did not disclose that the potentially relevant question (identify which doctor initially prescribed medication for anxiety and depression) had ever been put to Plaintiff."

permission to file a motion for protective order or additional pages to outline her objections to each of the medical subpoenas.

**Defendants' position:** The original subpoenas requested medical records from "anytime from the past to the present." (Ex. 2). Defendant agrees that records requested for the time period prior to the alleged trafficking should likely be limited to a reasonable time period prior to the alleged trafficking. However, the main dispute is the relevancy of records after the alleged trafficking. Plaintiffs' conferral proposal of limiting the records production solely to the time period of the alleged trafficking (2013-2015) is improperly restrictive. Although Plaintiffs claim that the acts that caused their alleged damages were limited to this time period, they also claim that they have ongoing emotional and psychological effects as a result. Specifically, Plaintiffs seek damages for "personal injuries; past, present and future conscious pain and suffering; loss of enjoyment of life; medical expenses; mental anguish and emotional distress; and loss of past, present, and future wages." Compl., ¶ 79. Accordingly, Defendant's non-party subpoena requests are reasonably calculated to lead to the discovery of admissible evidence, including information pertaining to other injuries, medical conditions, or medical treatment that would be relevant to the claimed damages and defenses to the same in this case.

The Defendant has the right to conduct discovery to identify alternative causes

or explanations for the conditions for which damages are sought. A party is permitted to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26(b)(1). Relevance is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (quoting Hickman v. Taylor, 329 U.S. 495 (1947)). Overall, the discovery rules are to be analyzed to include "broad and liberal treatment," including the exchange of mutual knowledge of all relevant facts gathered by both parties . . .". In re Theragenics Corp. Sec. Litig., 205 F.R.D. 631, 636 (N.D. Ga. 2002). While Plaintiffs contend that some or all of the requested documents may not be admissible, relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For example, while Plaintiffs take particular offense at Defendant's request for A.J.'s OB/GYN records, it is not uncommon for females to treat their gynecologists as their primary care doctors and A.J. did not identify a separate primary care doctor in discovery (other than her childhood pediatrician). To the extent Plaintiffs' objections are based on potential admissibility, at this time, any consideration of what might be *admissible*, as opposed to *discoverable*, is premature.

Respectfully submitted this ___ day of March, 2024.

| **ANDERSEN, TATE & CARR** | **SWIFT, CURRIE, McGHEE & HIERS** |
|---|---|
| **/s/** *Jonathan S. Tonge (w/e/p by* *Marissa H. Merrill)* | /s/ *Marissa H. Merrill* |
| Patrick J. McDonough | Kori E. Wagner |
| Georgia Bar No. 489855 | Georgia Bar No. 155438 |
| Jonathan S. Tonge | Marissa H. Merrill |
| Georgia Bar No. 303999 | Georgia Bar No. 216039 |
| **Attorneys for Plaintiffs** | Tracy A. Gilmore |
| One Sugarloaf Centre | Georgia Bar No. 633193 |
| 1960 Satellite Boulevard, Suite 4000 | **Attorneys for Defendant MASP, LLC** |
| Duluth, Georgia 30097 | 1420 Peachtree Street, NE, Suite 800 |
| TEL: (770) 822-0900 | Atlanta, Georgia 30309 |
| FAX: (770) 822-9680 | TEL:  (404) 874-8800 |
| pmcdonough@atclawfirm.com | FAX: (404) 888-6199 |
| jtonge@atclawfirm.com | kori.wagner@swiftcurrie.com |
| | marissa.merrill@swiftcurrie.com |
| | tracy.gilmore@swiftcurrie.com |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)**

Pursuant to Local Rule 7.1(D), I certify that the foregoing document was prepared in Times New Roman 14-point font in compliance with Local Rule 5.19 (C).

**SWIFT, CURRIE, McGHEE & HIERS**

By:   */s/ Marissa H. Merrill*
Kori E. Wagner
Georgia Bar No. 155438
Marissa H. Merrill
Georgia Bar No. 216039
Tracy A. Gilmore
Georgia Bar No. 633193
*Attorneys for Defendant MASP, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this 12th  day of March, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing the Parties Joint Discovery Statement by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

**SWIFT, CURRIE, McGHEE & HIERS**

By:    */s/ Marissa H. Merrill*
          Kori E. Wagner
          Georgia Bar No. 155438
          Marissa H. Merrill
          Georgia Bar No. 216039
          Tracy A. Gilmore
          Georgia Bar No. 633193
          *Attorneys for Defendant MASP, LLC*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
Tel:  404.888.6191
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4870-8833-5277, v. 1