*swift / currie*                                         ATLANTA / BIRMINGHAM

February 15, 2024

**Via Certified Mail**
Eagles Landing OB/GYN
ATTN:  Records Custodian
3333 Jodeco Road, Suite D
McDonough, GA  30253

Re:    **A.J. and Q.C. v. MASP, LLC; US District Court for the Northern District of Georgia, Atlanta Division; CAFN:  1:23-CV-04247-JPB.**

Dear Custodian:

Enclosed please find a Subpoena to Produce Documents directed to you pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Subject to paragraph (c)(2)(B) of this rule, you have 14 days after service of the subpoena to serve a written objection to inspection or copying of any or all of the designated materials.  In lieu of appearing please mail the documents to my attention by **March 15, 2024.**

Finally, please find enclosed an affidavit to be completed, notarized and returned to the below address with the requested documents.  **This notarized certificate excuses personal appearance in court of any persons responsible for keeping records. Please fill this affidavit out fully and notarize to ensure effectiveness.**  If you are not in possession of any of the requested documents, simply state this on the affidavit and return it to our office.

Please call us regarding any copy fees greater than $300.00.  Also, when sending the records, please address the envelope to my attention.  If you have any questions, please do not hesitate to contact me at the telephone number or e-mail address listed below.  We appreciate your cooperation and assistance in this matter.

Sincerely,

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lisa Adair*

Lisa Adair, R.N.
Litigation Paralegal

Enclosures
Cc:    Patrick J. McDonough, Esq.  (with enclosures)
       Jonathan S. Tonge, Esq. (with enclosures)
       Jennifer M. Webster, Esq. (with enclosures)

4893-5110-9797, v. 1

**LISA M. ADAIR**
P: 404.888.6263 / F: 404.888.6188
lisa.adair@swiftcurrie.com

**ATLANTA** / 1420 Peachtree St, NE / Suite 800 / Atlanta, GA 30309



ATLANTA / BIRMINGHAM

February 15, 2024

**Via Certified Mail**
Piedmont Henry Hospital
ATTN:  Records Custodian
1133 Eagles Landing Parkway
Stockbridge, GA  30281

     Re:   **A.J. and Q.C. v. MASP, LLC; US District Court for the Northern District of Georgia, Atlanta Division; CAFN:  1:23-CV-04247-JPB.**

Dear Custodian:

     Enclosed please find a Subpoena to Produce Documents directed to you pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Subject to paragraph (c)(2)(B) of this rule, you have 14 days after service of the subpoena to serve a written objection to inspection or copying of any or all of the designated materials.  In lieu of appearing please mail the documents to my attention by **March 15, 2024.**

     Finally, please find enclosed an affidavit to be completed, notarized and returned to the below address with the requested documents.  **This notarized certificate excuses personal appearance in court of any persons responsible for keeping records. <u>Please fill this affidavit out fully and notarize to ensure effectiveness</u>.**  If you are not in possession of any of the requested documents, simply state this on the affidavit and return it to our office.

     Please call us regarding any copy fees greater than $300.00.  Also, when sending the records, please address the envelope to my attention.  If you have any questions, please do not hesitate to contact me at the telephone number or e-mail address listed below.  We appreciate your cooperation and assistance in this matter.

               Sincerely,

               SWIFT, CURRIE, McGHEE & HIERS, LLP

               ***/s/ Lisa Adair***

               Lisa Adair, R.N.
               Litigation Paralegal

Enclosures
Cc:    Patrick J. McDonough, Esq.  (with enclosures)
       Jonathan S. Tonge, Esq. (with enclosures)
       Jennifer M. Webster, Esq. (with enclosures)

4893-5110-9797, v. 1

**LISA M. ADAIR**
P: 404.888.6263 / F: 404.888.6188
lisa.adair@swiftcurrie.com

**ATLANTA**  /  1420 Peachtree St, NE  /  Suite 800  /  Atlanta, GA 30309



ATLANTA / BIRMINGHAM

February 15, 2024

**Via Certified Mail**
Wellstar Atlanta Medical Center
ATTN:  Records Custodian
303 Parkway Dr. NE
Atlanta, GA 30312

Re:    **A.J. and Q.C. v. MASP, LLC; US District Court for the Northern District
       of Georgia, Atlanta Division; CAFN:  1:23-CV-04247-JPB.**

Dear Custodian:

       Enclosed please find a Subpoena to Produce Documents directed to you pursuant to
Rule 45 of the Federal Rules of Civil Procedure.  Subject to paragraph (c)(2)(B) of this rule,
you have 14 days after service of the subpoena to serve a written objection to inspection or
copying of any or all of the designated materials.  In lieu of appearing please mail the
documents to my attention by **March 15, 2024.**

       Finally, please find enclosed an affidavit to be completed, notarized and returned to
the below address with the requested documents.  **This notarized certificate excuses
personal appearance in court of any persons responsible for keeping records.
Please fill this affidavit out fully and notarize to ensure effectiveness.**  If you are not
in possession of any of the requested documents, simply state this on the affidavit and
return it to our office.

       Please call us regarding any copy fees greater than $300.00.  Also, when sending the
records, please address the envelope to my attention.  If you have any questions, please do
not hesitate to contact me at the telephone number or e-mail address listed below.  We
appreciate your cooperation and assistance in this matter.

                          Sincerely,

                          SWIFT, CURRIE, McGHEE & HIERS, LLP

                          */s/ Lisa Adair*

                          Lisa Adair, R.N.
                          Litigation Paralegal

Enclosures
Cc:    Patrick J. McDonough, Esq.  (with enclosures)
       Jonathan S. Tonge, Esq. (with enclosures)
       Jennifer M. Webster, Esq. (with enclosures)

4893-5110-9797, v. 1

*swift / currie*                                          ATLANTA / BIRMINGHAM

February 15, 2024

**Via Certified Mail**
Emory University Hospital Midtown
ATTN:  Records Custodian
550 Peachtree St. NE
Atlanta, GA  30308

Re:    **A.J. and Q.C. v. MASP, LLC; US District Court for the Northern District
        of Georgia, Atlanta Division; CAFN:  1:23-CV-04247-JPB.**

Dear Custodian:

Enclosed please find a Subpoena to Produce Documents directed to you pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Subject to paragraph (c)(2)(B) of this rule, you have 14 days after service of the subpoena to serve a written objection to inspection or copying of any or all of the designated materials.  In lieu of appearing please mail the documents to my attention by **March 15, 2024.**

Finally, please find enclosed an affidavit to be completed, notarized and returned to the below address with the requested documents.  **This notarized certificate excuses personal appearance in court of any persons responsible for keeping records. Please fill this affidavit out fully and notarize to ensure effectiveness.**  If you are not in possession of any of the requested documents, simply state this on the affidavit and return it to our office.

Please call us regarding any copy fees greater than $300.00.  Also, when sending the records, please address the envelope to my attention.  If you have any questions, please do not hesitate to contact me at the telephone number or e-mail address listed below.  We appreciate your cooperation and assistance in this matter.

Sincerely,

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lisa Adair*

Lisa Adair, R.N.
Litigation Paralegal

Enclosures
Cc:    Patrick J. McDonough, Esq.  (with enclosures)
        Jonathan S. Tonge, Esq. (with enclosures)
        Jennifer M. Webster, Esq. (with enclosures)

4893-5110-9797, v. 1

**LISA M. ADAIR**
P: 404.888.6263 / F: 404.888.6188
lisa.adair@swiftcurrie.com

**ATLANTA** /  1420 Peachtree St, NE  /  Suite 800  /  Atlanta, GA 30309



ATLANTA / BIRMINGHAM

February 15, 2024

**<u>Via Certified Mail</u>**
The Emory Clinics
**Attn: HIM Department**
1550 Litton Drive
Stone Mountain, GA 30083

      Re:   **A.J. and Q.C. v. MASP, LLC; US District Court for the Northern District of Georgia, Atlanta Division; CAFN: 1:23-CV-04247-JPB.**

Dear Custodian:

      Enclosed please find a Subpoena to Produce Documents directed to you pursuant to Rule 45 of the Federal Rules of Civil Procedure. Subject to paragraph (c)(2)(B) of this rule, you have 14 days after service of the subpoena to serve a written objection to inspection or copying of any or all of the designated materials. In lieu of appearing please mail the documents to my attention by **March 15, 2024.**

      Finally, please find enclosed an affidavit to be completed, notarized and returned to the below address with the requested documents. **This notarized certificate excuses personal appearance in court of any persons responsible for keeping records. <u>Please fill this affidavit out fully and notarize to ensure effectiveness.</u>** If you are not in possession of any of the requested documents, simply state this on the affidavit and return it to our office.

      Please call us regarding any copy fees greater than $300.00. Also, when sending the records, please address the envelope to my attention. If you have any questions, please do not hesitate to contact me at the telephone number or e-mail address listed below. We appreciate your cooperation and assistance in this matter.

                Sincerely,

                SWIFT, CURRIE, McGHEE & HIERS, LLP

                ***/s/ Lisa Adair***

                Lisa Adair, R.N.
                Litigation Paralegal

Enclosures
Cc:    Patrick J. McDonough, Esq. (with enclosures)
       Jonathan S. Tonge, Esq. (with enclosures)
       Jennifer M. Webster, Esq. (with enclosures)

4893-5110-9797, v. 1

**LISA M. ADAIR**
P: 404.888.6263 / F: 404.888.6188
lisa.adair@swiftcurrie.com

**ATLANTA** / 1420 Peachtree St, NE / Suite 800 / Atlanta, GA 30309



ATLANTA / BIRMINGHAM

February 15, 2024

**Via Certified Mail**
Wellstar Kennestone Regional Medical Center
ATTN:  Records Custodian
677 Church Street NE
Marietta, GA  30060

> Re:    **A.J. and Q.C. v. MASP, LLC; US District Court for the Northern District of Georgia, Atlanta Division; CAFN:  1:23-CV-04247-JPB.**

Dear Custodian:

Enclosed please find a Subpoena to Produce Documents directed to you pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Subject to paragraph (c)(2)(B) of this rule, you have 14 days after service of the subpoena to serve a written objection to inspection or copying of any or all of the designated materials.  In lieu of appearing please mail the documents to my attention by **March 15, 2024.**

Finally, please find enclosed an affidavit to be completed, notarized and returned to the below address with the requested documents.  **This notarized certificate excuses personal appearance in court of any persons responsible for keeping records.** **Please fill this affidavit out fully and notarize to ensure effectiveness.**  If you are not in possession of any of the requested documents, simply state this on the affidavit and return it to our office.

Please call us regarding any copy fees greater than $300.00.  Also, when sending the records, please address the envelope to my attention.  If you have any questions, please do not hesitate to contact me at the telephone number or e-mail address listed below.  We appreciate your cooperation and assistance in this matter.

Sincerely,

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Lisa Adair*

Lisa Adair, R.N.
Litigation Paralegal

Enclosures
Cc:    Patrick J. McDonough, Esq.  (with enclosures)
        Jonathan S. Tonge, Esq. (with enclosures)
        Jennifer M. Webster (with enclosures)

4893-5110-9797, v. 1

**LISA M. ADAIR**
P: 404.888.6263 / F: 404.888.6188
lisa.adair@swiftcurrie.com

**ATLANTA**  /  1420 Peachtree St, NE  /  Suite 800  /  Atlanta, GA 30309

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **A.J. and Q.C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No.  1:23-CV-04247-JPB** |
| **v.** ) | |
| ) | |
| **MASP, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:    **Eagles Landing OB/GYN**
**ATTN:  Records Custodian**
**3333 Jodeco Road, Suite D**
**McDonough, GA  30253**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| | |
|---|---|
| Place:    **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
| **1420 Peachtree Street, NE Suite 800** | March 15, 2024 at 10:00 a.m. |
| **Atlanta, Georgia 30309** | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    February 15, 2024

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | *Kori E. Wagner* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, <u>Kori.wagner@swiftcurrie.com, Marissa.merrill,</u>
<u>Tracy.gilmore@swiftcurrie.com</u>

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*          .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true.

Date: _02/15/2024_____

_____
Server's signature

Lisa M. Adair, Paralegal
_____
Printed name and title

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
Server's address


Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii)  a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)expressly make the claim; and

(ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4861-4954-4357, v. 1

**EXHIBIT "A"**
**EAGLES LANDING OB/GYN**

**YOU ARE REQUESTED TO PRODUCE:**

CERTIFIED COPIES of the complete chart, medical records, reports, bills, or documents of any kind maintained by you or under your control pertaining to your examination, treatment and care of patient A.J. (███████████ DOB: ██████████), at any time from the past to the present, including, but not limited to, medical records, radiology images, radiology reports, emergency room records, claims, laboratory reports, nurses' notes, results of physical examinations, diagnoses, and prognoses rendered in your treatment of A.J. (███████████ DOB: ███████████), at any time from the past to the present.

4869-0036-0353, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

A.J. and Q.C.,                                    )
                                                  )
     Plaintiff,                                  )
                                                  )
                                                  )    Civil Action No. 1:23-CV-04247-JPB
     v.                                          )
                                                  )
MASP, LLC,                                        )
                                                  )
     Defendant.                                  )

**CERTIFICATE OF AUTHENTICATION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45</u>**

     THE UNDERSIGNED, _____, certifies same is a

person responsible for the keeping of records for **EAGLES LANDING OB/GYN,**

and the within and attached records are true and accurate reproductions and copies

of the records of this facility, which were kept in the aforesaid facility and that said

records were kept as reasonably necessary for record keeping.

     THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure

45 in lieu of the personal appearance of the person certifying hereto, and in

connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____

Records Custodian

_____

(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.

_____

Notary Public  [SEAL]

My Commission Expires: _____

4861-3768-2597, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| A.J. and Q.C., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No.  **1:23-CV-04247-JPB** |
| **v.** | ) | |
| | ) | |
| **MASP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:     **Emory University Hospital Midtown**
        **ATTN:  Records Custodian**
        **550 Peachtree St. NE**
        **Atlanta, GA  30308**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| | |
|---|---|
| Place:    **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
| **1420 Peachtree Street, NE Suite 800** | March 15, 2024 at 10:00 a.m. |
| **Atlanta, Georgia 30309** | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    February 15, 2024

| | | |
|---|---|---|
| *CLERK OF COURT* | | *Kori E. Wagner* |
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  **Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com**

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*         .

☐ I personally served the subpoena on the individual at *(place)*           on *(date)*        ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*           , a person of suitable age and discretion who resides there, on *(date)*       , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*           , who is designated by law to accept service of process on behalf of *(name of organization)*           on *(date)*        ; or

☐ I returned the subpoena unexecuted because           ; or

☐ other *(specify):*



Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____                .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true.

Date: _02/15/2024_____        _____

                                                                            *Server's signature*

                                          Lisa M. Adair, Paralegal

                                          _____

                                                                            *Printed name and title*

                                          1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309

                                          _____

                                                                            *Server's address*


Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4870-9175-5429, v. 1

**EXHIBIT "A"**
**EMORY UNIVERSITY HOSPITAL MIDTOWN**

**YOU ARE REQUESTED TO PRODUCE:**

CERTIFIED COPIES of the complete chart, medical records, reports, bills, or documents of any kind maintained by you or under your control pertaining to your examination, treatment and care of patient Q.C. (███████████, DOB: ██████████), at any time from the past to the present, including, but not limited to, medical records, radiology images, radiology reports, emergency room records, claims, laboratory reports, nurses' notes, results of physical examinations, diagnoses, and prognoses rendered in your treatment of Q.C. (████████████ DOB: █████████), at any time from the past to the present.

4887-6892-3041, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

A.J. and Q.C.,                           )
                                         )
     Plaintiff,                       )
                                         )
                                         )  Civil Action No. 1:23-CV-04247-JPB
     v.                               )
                                         )
MASP, LLC,                               )
                                         )
     Defendant.                       )

**CERTIFICATE OF AUTHENTICATION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **EMORY UNIVERSITY HOSPITAL MIDTOWN,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____
Records Custodian

_____
(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20____ .

_____
Notary Public  [SEAL]

My Commission Expires: _____

4879-3782-5445, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **A.J. and Q.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.  1:23-CV-04247-JPB** |
| **v.** | ) | |
| | ) | |
| **MASP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:  **Piedmont Henry Hospital**
**ATTN:  Records Custodian**
**1133 Eagles Landing Parkway**
**Stockbridge, GA  30281**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| | |
|---|---|
| Place:  **Swift, Currie, McGhee & Hiers, LLP**<br>**1420 Peachtree Street, NE Suite 800**<br>**Atlanta, Georgia 30309** | Date and Time:<br>March 15, 2024 at 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  February 15, 2024

|  | |
|---|---|
| *CLERK OF COURT* | OR   *Kori E. Wagner* |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  **Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com**

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*            .

☐ I personally served the subpoena on the individual at *(place)*            on *(date)*          ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*            , a person of suitable age and discretion who resides there, on *(date)*           , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*            , who is designated by law to accept service of process on behalf of *(name of organization)*            on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____                .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _02/15/2024_____

_____
*Server's signature*

Lisa M. Adair, Paralegal
_____
*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
*Server's address*

Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4891-2081-5525, v. 1

**EXHIBIT "A"**
**PIEDMONT HENRY HOSPITAL**

**YOU ARE REQUESTED TO PRODUCE:**

CERTIFIED COPIES of the complete chart, medical records, reports, bills, or documents of any kind maintained by you or under your control pertaining to your examination, treatment and care of patient A.J. (███████████ DOB: ██████████), at any time from the past to the present, including, but not limited to, medical records, radiology images, radiology reports, emergency room records, claims, laboratory reports, nurses' notes, results of physical examinations, diagnoses, and prognoses rendered in your treatment of A.J. (███████████DOB: ██████████), at any time from the past to the present.

4861-6262-1601, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
|       Plaintiff, | ) |
| | )   Civil Action No. 1:23-CV-04247-JPB |
|       v. | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
|       Defendant. | ) |

**CERTIFICATE OF AUTHENTICATION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45</u>**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **PIEDMONT HENRY HOSPITAL,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____

Records Custodian

_____

(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.

_____

Notary Public  [SEAL]

My Commission Expires: _____

4875-0096-2469, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **A.J. and Q.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No.  1:23-CV-04247-JPB |
| **v.** | ) | |
| | ) | |
| **MASP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:    **The Emory Clinics**
       **Attn: HIM Department**
       **1550 Litton Drive**
       **Stone Mountain, GA 30083**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

Place:    **Swift, Currie, McGhee & Hiers, LLP**          Date and Time:
          **1420 Peachtree Street, NE Suite 800**         March 15, 2024 at 10:00 a.m.
          **Atlanta, Georgia 30309**

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place:                                                    Date and Time:

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    February 15, 2024
         *CLERK OF COURT*
                                          OR    *Kori E. Wagner*

    _____              _____
       *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*          .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____                    .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true.

Date: _02/15/2024_____

_____
Server's signature

Lisa M. Adair, Paralegal
_____
Printed name and title

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
Server's address


Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A)*Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii)  a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4869-2417-9877, v. 1

**EXHIBIT "A"**
**THE EMORY CLINIC**

**YOU ARE REQUESTED TO PRODUCE:**

CERTIFIED COPIES of the complete chart, medical records, reports, bills, or documents of any kind maintained by you or under your control pertaining to your examination, treatment and care of patient Q.C. (███████████ DOB: ████████), at any time from the past to the present, including, but not limited to, medical records, radiology images, radiology reports, emergency room records, claims, laboratory reports, nurses' notes, results of physical examinations, diagnoses, and prognoses rendered in your treatment of Q.C. (███████████DOB: ████████), at any time from the past to the present.

4893-9040-0929, v. 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| A.J. and Q.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-CV-04247-JPB |
| v. | ) | |
| | ) | |
| MASP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF AUTHENTICATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **THE EMORY CLINICS,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.


_____
Records Custodian

_____
(Please print name)


SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.


_____
Notary Public  [SEAL]

My Commission Expires: _____

4854-5499-4085, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 1:23-CV-04247-JPB |
| **v.** | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| **Defendant.** | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:     **Wellstar Atlanta Medical Center**
        **ATTN: Records Custodian**
        **303 Parkway Dr. NE**
        **Atlanta, GA 30312**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE EXHIBIT "A" ATTACHED HERETO.**

| | |
|---|---|
| Place:   **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
| **1420 Peachtree Street, NE Suite 800** | March 15, 2024 at 10:00 a.m. |
| **Atlanta, Georgia 30309** | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   February 15, 2024

|  | |  |
|---|---|---|
| *CLERK OF COURT* | | |
| | | *Kori E. Wagner* |
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*                    .

☐ I personally served the subpoena on the individual at *(place)*                    on *(date)*                    ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*                    , a person of suitable age and discretion who resides there, on *(date)*                    , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*                    , who is designated by law to accept service of process on behalf of *(name of organization)*                    on *(date)*                    ; or

☐ I returned the subpoena unexecuted because                    ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____                                   .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _02/15/2024_____

_____
Server's signature

Lisa M. Adair, Paralegal
_____
Printed name and title

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
Server's address

Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4876-6198-4165, v. 1

**EXHIBIT "A"**
**WELLSTAR ATLANTA MEDICAL CENTER**

**YOU ARE REQUESTED TO PRODUCE:**

CERTIFIED COPIES of the complete chart, medical records, reports, bills, or documents of any kind maintained by you or under your control pertaining to your examination, treatment and care of patient Q.C. (██████████, DOB: ████████), at any time from the past to the present, including, but not limited to, medical records, radiology images, radiology reports, emergency room records, claims, laboratory reports, nurses' notes, results of physical examinations, diagnoses, and prognoses rendered in your treatment of Q.C. (██████████DOB: ████████), at any time from the past to the present.

4883-9877-5713, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-CV-04247-JPB |
| v. | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF AUTHENTICATION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45</u>**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **WELLSTAR ATLANTA MEDICAL CENTER,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____

Records Custodian

_____

(Please print name)

SWORN TO AND SUBSCRIBED
Before me this \_\_\_\_ day of _____, 20\_\_\_.

_____

Notary Public  [SEAL]

My Commission Expires: _____

4865-4518-5445, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    Civil Action No. 1:23-CV-04247-JPB |
| v. | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| **Defendant.** | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:    **Wellstar Kennestone Regional Medical Center**
       **ATTN: Records Custodian**
       **677 Church Street NE**
       **Marietta, GA 30060**

     ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE EXHIBIT "A" ATTACHED HERETO.**

| Place:   **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
|---|---|
|         **1420 Peachtree Street, NE Suite 800** | March 15, 2024 at 10:00 a.m. |
|         **Atlanta, Georgia 30309** | |

     ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

     The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   February 15, 2024

         *CLERK OF COURT*

                                         OR    *Kori E. Wagner*

         _____            _____
          *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is: **Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com**

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*           .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true.

Date: _02/15/2024_____          _____

                                        *Server's signature*

                                        Lisa M. Adair, Paralegal

                                        _____

                                        *Printed name and title*

                                        1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309

                                        _____

                                        *Server's address*

Additional information regarding attempted service, etc:
*Served via Certified Mail*

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii)  a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)expressly make the claim; and

(ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4859-1702-2629, v. 1

**EXHIBIT "A"**
**WELLSTAR KENNESTONE REGIONAL MEDICAL CENTER**

**YOU ARE REQUESTED TO PRODUCE:**

CERTIFIED COPIES of the complete chart, medical records, reports, bills, or documents of any kind maintained by you or under your control pertaining to your examination, treatment and care of patient A.J. (███████████ DOB: ███████████), at any time from the past to the present, including, but not limited to, medical records, radiology images, radiology reports, emergency room records, claims, laboratory reports, nurses' notes, results of physical examinations, diagnoses, and prognoses rendered in your treatment of A.J. (███████████ DOB: ███████████), at any time from the past to the present.

4865-9673-2065, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

A.J. and Q.C.,                                    )
                                                  )
      Plaintiff,                          )
                                                  )  Civil Action No. 1:23-CV-04247-JPB
      v.                                  )
                                                  )
MASP, LLC,                                        )
                                                  )
      Defendant.                          )

**CERTIFICATE OF AUTHENTICATION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **WELLSTAR KENNESTONE REGIONAL MEDICAL CENTER,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached

Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori

E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought

production.

_____

Records Custodian

_____

(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.

_____

Notary Public  [SEAL]

My Commission Expires: _____

4891-4545-7317, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|                        |     |                        |
|------------------------|-----|------------------------|
| A.J. and Q.C.,         | )   |                        |
|                        | )   |                        |
| Plaintiff,             | )   | NO. 1:23-CV-04247-JPB  |
|                        | )   |                        |
| v.                     | )   |                        |
|                        | )   |                        |
| MASP, LLC,             | )   |                        |
|                        | )   |                        |
| Defendant.             | )   |                        |
|                        | )   |                        |

## **DEFENDANT'S NOTICE OF WITHDRAWAL OF SUBPOENAS**

Defendant MASP, LLC files this notice of withdrawal of the subpoenas dated February 15, 2024 previously served on the following non-parties: **(1)Piedmont Henry Hospital, (2)Wellstar Kennestone Regional Medical Center, (3)Wellstar Atlanta Medical Center, (4)Emory University Hospital Midtown, and (5)The Emory Clinics.**

This 5th day of March, 2024.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: */s/ Marissa H. Merrill*
KORI E. WAGNER
Georgia State Bar No. 155438
MARISSA H. MERRILL
Georgia State Bar No.  216039
TRACY A. GILMORE
Georgia State Bar No.  633193
*Attorneys for Defendant*

1

1420 Peachtree Street, N.E. Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Kori.wagner@swiftcurrie.com
Marissa.merrill@swiftcurrie.com
Tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S NOTICE OF WITHDRAWAL OF SUBPOENAS has been filed electronically with the Clerk of Court this 5th day of March, 2024, who will automatically send a copy of the DEFENDANT'S NOTICE OF WITHDRAWAL OF SUBPOENAS to the attorneys for the Plaintiff named below:

Patrick J. McDonough
Jonathan S. Tonge
Jennifer M. Webster
Andersen, Tate & Carr, P.C.
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com

This 5th day of March, 2024.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     */s/ Marissa H. Merrill*
KORI E. WAGNER
Georgia State Bar No. 155438
MARISSA H. MERRILL
Georgia State Bar No.  216039
TRACY A. GILMORE
Georgia State Bar No.  633193
*Attorneys for Defendant*

1420 Peachtree Street, N.E. Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Kori.wagner@swiftcurrie.com
Marissa.merrill@swiftcurrie.com
Tracy.gilmore@swiftcurrie.com

3

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1 (C)</u>

This is to certify that the foregoing submission to the court was prepared using Times New Roman 14 point in accordance with LR 5.1(C).

This 5th day of March, 2024.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:     ***/s/ Marissa H. Merrill***
KORI E. WAGNER
Georgia State Bar No. 155438
MARISSA H. MERRILL
Georgia State Bar No.  216039
TRACY A. GILMORE
Georgia State Bar No.  633193
***Attorneys for Defendant***

1420 Peachtree Street, N.E. Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Kori.wagner@swiftcurrie.com
Marissa.merrill@swiftcurrie.com
Tracy.gilmore@swiftcurrie.com

4895-1362-8587, v. 1

4