IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| A.J. and Q.C., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 1:23-cv-04247-JPB |
| | : | |
| MASP, LLC, | : | |
| | : | |
| Defendant. | : | |

### STIPULATED AGREEMENT AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), and by agreement of the parties, the Court finds good cause for the issuance of a Stipulated Protective Order and ORDERS as follows:

1.  Discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted.  The parties agree that certain categories of Plaintiffs' medical records are protected health information.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2.  For the purposes of this Stipulated Protective Order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past,

present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to Plaintiffs to attorneys representing the Plaintiffs and Defendant in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiffs for purposes of litigating this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Plaintiffs' protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiffs' protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiffs' protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall destroy any and all copies of protected health information pertaining to Plaintiffs, *except*

that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to Plaintiffs that come into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiffs' protected health information under seal.

So stipulated this 28th day of March 2024.

By: /s/ Pat McDonough
Pat McDonough, Esq.
Jonathan Tonge, Esq.
Counsel for Plaintiffs A.J. and Q.C.

By: /s/ Kori Wagner
Kori Wagner, Esq.
Marissa H. Merrill, Esq.
Counsel for Defendant MASP, LLC

It is SO ORDERED this ____ day of _____, 2024.

_____
J.P. BOULEE, JUDGE
UNITED STATES DISTRICT COURT