IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| A.J. and Q.C., | ) | |
| | ) | |
| Plaintiff, | ) | NO. 1:23-CV-04247-JPB |
| | ) | |
| v. | ) | |
| | ) | |
| MASP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **NOTICE OF INTENT TO SERVE AMENDED SUBPOENAS**

TO:   Patrick J. McDonough, Esq., Jonathan S. Tonge, Esq., Jennifer M.

Webster, Esq.

**PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil Procedure 45,

that our client intends to serve subpoenas in the forms attached hereto, on the

following non-parties on August 14, 2024, or as soon thereafter as service may be

effectuated.

**Baymont Inn and Suites**
**2170 Delk Road, S.E.**
**Marietta, Georgia 30067**

**Days Inn By Windham**
**2191 Northwest Parkway SE**
**Marietta, GA  30067**

1

**Days Inn By Windham**
**2191 Northwest Parkway SE**
**Marietta, GA  30067**

**Knights Inn**
**2859 Panola Road,**
**Lithonia, Georgia 30058**

**Knights Inn**
**2942 Lawrenceville Highway**
**Tucker, Georgia 30084**

**Master's Inn**
**1435 Montreal Road**
**Tucker, Georgia 30084**

**Motel 6**
**2820 Chamblee Tucker Road**
**Atlanta, Georgia 30341**

**Quality Inn**
**2170 Delk Road S.E.,**
**Marietta, Georgia 30067**

**Quality Inn**
**3500 Venture Parkway, N.W.**
**Duluth, Georgia 30096**

**Red Roof Inn**
**2200 Corporate Plaza**
**Smyrna, Georgia 30080**

**Studio 6**
**1795 Crescent Centre Blvd**
**Tucker, GA 30084**

This 13th day of August, 2024.

<div align="center">

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

</div>

By: ***/s/ Marissa H. Merrill***
    KORI E. WAGNER
    Georgia State Bar No. 155438
    MARISSA H. MERRILL
    Georgia State Bar No.  216039
    TRACY A. GILMORE
    Georgia State Bar No.  633193
    ***Attorneys for Defendant***

1420 Peachtree Street, N.E. Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Kori.wagner@swiftcurrie.com
Marissa.merrill@swiftcurrie.com
Tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing NOTICE OF INTENT TO SERVE SUBPOENAS has been filed electronically with the Clerk of Court this 13th day of August, 2024, who will automatically send a copy of the NOTICE OF INTENT TO SERVE SUBPOENAS to the attorneys for the Plaintiff named below:

<div align="center">

Patrick J. McDonough
Jonathan S. Tonge
Jennifer M. Webster
Andersen, Tate & Carr, P.C.
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com

</div>

This 13th day of August, 2024.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:   */s/ Marissa H. Merrill*
KORI E. WAGNER
Georgia State Bar No. 155438
MARISSA H. MERRILL
Georgia State Bar No.  216039
TRACY A. GILMORE
Georgia State Bar No.  633193
*Attorneys for Defendant*

1420 Peachtree Street, N.E. Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6188

Kori.wagner@swiftcurrie.com
Marissa.merrill@swiftcurrie.com
Tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1 (C)</u>

This is to certify that the foregoing submission to the court was prepared using Times New Roman 14 point in accordance with LR 5.1(C).

This 13th day of August, 2024.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:    ***/s/ Marissa H. Merrill_____***
KORI E. WAGNER
Georgia State Bar No. 155438
MARISSA H. MERRILL
Georgia State Bar No.  216039
TRACY A. GILMORE
Georgia State Bar No.  633193
***Attorneys for Defendant***

1420 Peachtree Street, N.E. Suite 800
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6188
Kori.wagner@swiftcurrie.com
Marissa.merrill@swiftcurrie.com
Tracy.gilmore@swiftcurrie.com

4866-2170-4407, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No.  **1:23-CV-04247-JPB** |
| **v.** | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| **Defendant.** | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:   **Baymont Inn and Suites**
      **2170 Delk Road, S.E.**
      **Marietta, Georgia 30067**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

Place:   **Swift, Currie, McGhee & Hiers, LLP**       Date and Time:
         **1420 Peachtree Street, NE Suite 800**       September 6, 2024 at 10:00 a.m.
         **Atlanta, Georgia 30309**

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

Place:                                           Date and Time:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   August 14, 2024

              *CLERK OF COURT*
                                    OR    *Kori E. Wagner*
_____           _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the subpoena on the individual at *(place)*              on *(date)*        ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*            , a person of suitable age and discretion who resides there, on *(date)*              , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*              , who is designated by law to accept service of process on behalf of *(name of organization)*             on *(date)*        ; or

☐ I returned the subpoena unexecuted because           ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____            .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:  08/14/2024

_____
*Server's signature*

Lisa M. Adair, Paralegal
_____
*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
*Server's address*

Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4873-3342-4855, v. 1

**EXHIBIT "A"**
**BAYMONT INN AND SUITES**

A <u>certified</u> copy of:

1. All registration receipts for guest A.J. ██████████;
2. All check-out folios for guest A.J. (██████████);
3. All check-in folios for guest A.J. (██████████);
4. Copies of licenses or identification for A.J. (██████████);
5. Receipts or documents indicating payment for a room issued to guest A.J. (████████
   ██████)

4861-7035-5927, v. 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| A.J. and Q.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-CV-04247-JPB |
| v. | ) | |
| | ) | |
| MASP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF AUTHENTICATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **BAYMONT INN AND SUITES,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.


_____
Records Custodian

_____
(Please print name)


SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.


_____
Notary Public  [SEAL]

My Commission Expires: _____

4892-6221-5127, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 1:23-CV-04247-JPB** |
| **v.** | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| **Defendant.** | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:     **Days Inn By Windham**
        **2191 Northwest Parkway SE**
        **Marietta, GA  30067**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| Place:   **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
|---|---|
| **1420 Peachtree Street, NE Suite 800** | September 6, 2024 at 10:00 a.m. |
| **Atlanta, Georgia 30309** | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   August 14, 2024

|  *CLERK OF COURT*  | | |
|---|---|---|
| | OR | *Kori E. Wagner* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  **Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com**

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*          .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          : or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          . and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date:  08/14/2024

_____
*Server's signature*

Lisa M. Adair, Paralegal
_____
*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
*Server's address*

Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4880-0634-8503, v. 1

**EXHIBIT "A"**
**DAYS INN BY WINDHAM**

A <u>certified</u> copy of:

1. All registration receipts for guests Corey E. Jackson_and/or A.J. (███████████),
2. All check-out folios for guest Corey E. Jackson_and/or A.J. (████████████),
3. All check-in folios for guest Corey E. Jackson_and/or A.J. (████████████),
4. Copies of licenses or identification for either guests Corey E. Jackson_and/or A.J. (████████████),
5. Receipts or documentation evidencing payment for a room issued to guests Corey E. Jackson_and/or A.J. (████████████)

4870-1216-6359, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| A.J. and Q.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-CV-04247-JPB |
| v. | ) | |
| | ) | |
| MASP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF AUTHENTICATION
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **DAYS INN BY WINDHAM**, and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached

Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori

E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought

production.


_____

Records Custodian

_____

(Please print name)



SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.


_____

Notary Public  [SEAL]

My Commission Expires: _____

4882-9051-2855, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **A.J. and Q.C.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | )    **Civil Action No.  1:23-CV-04247-JPB** |
| **v.** | ) |
| | ) |
| **MASP, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:     **Extended Stay America**
      **3430 Venture Parkway, N.W.**
      **Duluth, Georgia 30096**

   ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE EXHIBIT "A" ATTACHED HERETO.**

| Place: **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
|---|---|
|       **1420 Peachtree Street, NE Suite 800** | September 6, 2024 at 10:00 a.m. |
|       **Atlanta, Georgia 30309** | |

   ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   <u>August 14, 2024</u>

            *CLERK OF COURT*

                                    OR    *Kori E. Wagner*

     <u>                     </u>                    <u>                 </u>
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is: Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, <u>Kori.wagner@swiftcurrie.com, Marissa.merrill,</u> <u>Tracy.gilmore@swiftcurrie.com</u>

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*          .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          : or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          . and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date:  08/14/2024

_____
*Server's signature*

Lisa M. Adair, Paralegal
_____
*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
*Server's address*

Additional information regarding attempted service, etc:
**Served via Certified Mail**

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4887-1282-6583, v. 1

**EXHIBIT "A"**
**EXTENDED STAY AMERICA**

A <u>certified</u> copy of:



1. All registration receipts for guest A.J. (⬛⬛⬛⬛⬛⬛;
2. All check-out folios for guest A.J. (⬛⬛⬛⬛⬛⬛);
3. All check-in folios for guest A.J. (⬛⬛⬛⬛⬛);
4. Copies of licenses or identification for A.J. (⬛⬛⬛⬛⬛);
5. Receipts or documentation evidencing payment for a room issued to guest A.J. (⬛⬛⬛⬛
   ⬛⬛⬛);

4882-0151-3175, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-CV-04247-JPB |
| v. | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF AUTHENTICATION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **EXTENDED STAY AMERICA,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____
Records Custodian

_____
(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20____.

_____
Notary Public  [SEAL]

My Commission Expires: _____

4882-4083-6567, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **A.J. and Q.C.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civil Action No. 1:23-CV-04247-JPB** |
| **v.** | ) |
| | ) |
| **MASP, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:     **Knights Inn**
        **2942 Lawrenceville Highway**
        **Tucker, Georgia 30084**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE EXHIBIT "A" ATTACHED HERETO.**

| | |
|---|---|
| Place:   **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
| **1420 Peachtree Street, NE Suite 800** | September 6, 2024 at 10:00 a.m. |
| **Atlanta, Georgia 30309** | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   August 14, 2024

        *CLERK OF COURT*

                                               OR      *Kori E. Wagner*

        _____                    _____
        *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is: Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*         .

☐ I personally served the subpoena on the individual at *(place)*             on *(date)*           ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*             , a person of suitable age and discretion who resides there, on *(date)*             , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*             , who is designated by law to accept service of process on behalf of *(name of organization)*             on *(date)*           ; or

☐ I returned the subpoena unexecuted because           ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____      .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:  08/14/2024

_____

*Server's signature*

*Lisa M. Adair, Paralegal*

_____

*Printed name and title*

*1420 Peachtree St. NE, Suite 800, Atlanta, GA 30309*

_____

*Server's address*

Additional information regarding attempted service, etc:
**Served via Certified Mail**

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii)   a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4886-6400-2263, v. 1

**EXHIBIT "A"**
**KNIGHTS INN TUCKER**

A <u>certified</u> copy of:

1.  All registration receipts for guests Derrick Rogers and/or A.J. (██████████████),
2.  All check-out folios for guest Derrick Rogers and/or A.J. (██████████████;
3.  All check-in folios for guest Derrick Rogers and/or A.J. (██████████████),
4.  Copies of licenses or identification for either guests Derrick Rogers and/ A.J. (██████████
    ██████),
5.  Receipts or documentation evidencing payment for a room issued to guests Derrick
    Rogers and/or A.J. (██████████████).

4889-1677-3335, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

A.J. and Q.C.,                             )
                                           )
     Plaintiff,                       )
                                           )   Civil Action No. 1:23-CV-04247-JPB
     v.                               )
                                           )
MASP, LLC,                                 )
                                           )
     Defendant.                       )

## CERTIFICATE OF AUTHENTICATION
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **KNIGHTS INN TUCKER,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____

Records Custodian

_____

(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.

_____

Notary Public  [SEAL]

My Commission Expires: _____

4884-0991-9447, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   Civil Action No.  **1:23-CV-04247-JPB** |
| **v.** | ) |
| | ) |
| **MASP, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:     **Knights Inn
2859 Panola Road
Lithonia, Georgia 30058**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| Place:  **Swift, Currie, McGhee & Hiers, LLP
1420 Peachtree Street, NE Suite 800
Atlanta, Georgia 30309** | Date and Time:
September 6, 2024 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   August 14, 2024

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Kori E. Wagner* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  **Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com**

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*            .

☐ I personally served the subpoena on the individual at *(place)*            on *(date)*            ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*            , a person of suitable age and discretion who resides there, on *(date)*            . and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*            , who is designated by law to accept service of process on behalf of *(name of organization)*            on *(date)*            ; or

☐ I returned the subpoena unexecuted because            ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____            .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: 08/14/2024

_____
*Server's signature*

Lisa M. Adair, Paralegal
_____
*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA 30309
_____
*Server's address*

Additional information regarding attempted service, etc:
*Served via Certified Mail*

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4895-6892-3351, v. 1

**EXHIBIT "A"**
**KNIGHT INN LITHONIA**

A <u>certified</u> copy of:

1. All registration receipts for guests Derrick Rogers and/or A.J. (),
2. All check-out folios for guest Derrick Rogers and/or A.J. (          );
3. All check-in folios for guest Derrick Rogers and/or A.J. (          ),
4. Copies of licenses or identification for either guests Derrick Rogers and/ A.J. (          ),
5. Receipts or documentation evidencing payment for a room issued to guests Derrick Rogers and/or A.J. (          ).

4886-3031-5479, v. 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| A.J. and Q.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-CV-04247-JPB |
| v. | ) | |
| | ) | |
| MASP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF AUTHENTICATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **KNIGHTS INN,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached

Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori

E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought

production.


_____

Records Custodian

_____

(Please print name)



SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.


_____

Notary Public  [SEAL]

My Commission Expires: _____

4867-9884-7959, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| A.J. and Q.C., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No.  1:23-CV-04247-JPB |
| **v.** | ) | |
| | ) | |
| MASP, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:     **Master's Inn**
        **1435 Montreal Road**
        **Tucker, Georgia 30084**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| Place:  **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
|---|---|
| **1420 Peachtree Street, NE Suite 800** | September 6, 2024 at 10:00 a.m. |
| **Atlanta, Georgia 30309** | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     August 14, 2024

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Kori E. Wagner* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  **Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com**

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*           .

☐ I personally served the subpoena on the individual at *(place)*           on *(date)*           : or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*           , a person of suitable age and discretion who resides there, on *(date)*           , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*           , who is designated by law to accept service of process on behalf of *(name of organization)*           on *(date)*           ; or

☐ I returned the subpoena unexecuted because           ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____           .

My fees are $_____ for travel and $_____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date:  08/14/2024

_____
*Server's signature*
Lisa M. Adair, Paralegal
_____
*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
*Server's address*

Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4879-9370-0055, v. 1

**EXHIBIT "A"**
**MASTER'S INN**

A <u>certified</u> copy of:

1. All registration receipts for guests Derrick Rogers and/or A.J. (),
2. All check-out folios for guest Derrick Rogers and/or A.J. (█████████);
3. All check-in folios for guest Derrick Rogers and/or A.J. (█████████),
4. Copies of licenses or identification for either guests Derrick Rogers and/ A.J. (████████),
5. Receipts or documentation evidencing payment for a room issued to guests Derrick Rogers and/or A.J. (█████████).

4874-4188-5655, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
|     Plaintiff, | ) |
| | )  Civil Action No. 1:23-CV-04247-JPB |
|     v. | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
|     Defendant. | ) |

**CERTIFICATE OF AUTHENTICATION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **MASTER'S INN,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached

Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori

E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought

production.


_____

Records Custodian


_____

(Please print name)



SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.


_____

Notary Public  [SEAL]

My Commission Expires: _____

4878-4008-3927, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT

for the
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. **1:23-CV-04247-JPB** |
| **v.** | ) |
| | ) |
| **MASP, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:     **Motel 6**
**2820 Chamblee Tucker Road**
**Atlanta, Georgia 30341**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE EXHIBIT "A" ATTACHED HERETO.**

| | |
|---|---|
| Place:  **Swift, Currie, McGhee & Hiers, LLP**<br>**1420 Peachtree Street, NE Suite 800**<br>**Atlanta, Georgia 30309** | Date and Time:<br>September 6, 2024 at 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   August 14, 2024

*CLERK OF COURT*

_____          OR     *Kori E. Wagner*
Signature of Clerk or Deputy Clerk                                   _____
                                                                                            Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is: **Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com**

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          : or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          . and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date:  08/14/2024

_____
*Server's signature*

Lisa M. Adair, Paralegal
_____
*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309
_____
*Server's address*

Additional information regarding attempted service, etc:
**Served via Certified Mail**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. (3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4879-9442-0951, v. 1

**EXHIBIT "A"**
**MOTEL 6**

A <u>certified</u> copy of:



1. All registration receipts for guest A.J. (⬛⬛⬛⬛⬛);
2. All check-out folios for guest A.J. (⬛⬛⬛⬛⬛);
3. All check-in folios for guest A.J. (⬛⬛⬛⬛);
4. Copies of licenses or identification for A.J. (⬛⬛⬛⬛⬛);
5. Receipts or documentation evidencing payment for a room issued to guest A.J (⬛⬛⬛⬛ ⬛⬛⬛)

4854-5542-3703, v. 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
|     Plaintiff, | ) |
| | )  Civil Action No. 1:23-CV-04247-JPB |
|     v. | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
|     Defendant. | ) |

**CERTIFICATE OF AUTHENTICATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **MOTEL 6,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____

Records Custodian

_____

(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.

_____

Notary Public  [SEAL]

My Commission Expires: _____

4857-1029-4999, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| **Defendant.** | ) |

Civil Action No.  **1:23-CV-04247-JPB**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:     **Quality Inn**
        **3500 Venture Parkway, N.W.**
        **Duluth, Georgia 30096**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| Place:  **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
|---|---|
| **1420 Peachtree Street, NE Suite 800** | September 6, 2024 at 10:00 a.m. |
| **Atlanta, Georgia 30309** | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  August 14, 2024

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | *Kori E. Wagner* |
| *Signature of Clerk or Deputy Clerk* | | _____ |
| | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*          .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          : or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          . and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: 08/14/2024

_____
*Server's signature*

Lisa M. Adair, Paralegal
_____
*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA 30309
_____
*Server's address*

Additional information regarding attempted service, etc:
***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4876-7755-4391, v. 1

## EXHIBIT "A"
## QUALITY INN DULUTH

A <u>certified</u> copy of:

1. All registration receipts for guest A.J. (███████████);
2. All check-out folios for guest A.J. (███████████);
3. All check-in folios for guest A.J. (██████████);
4. Copies of licenses or identification for A.J. (██████████);
5. Receipts or documentation evidencing payment for a room issued to guest A.J (███████ ███████).

4877-5606-4983, v. 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-CV-04247-JPB |
| v. | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF AUTHENTICATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **QUALITY INN DULUTH,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____
Records Custodian

_____
(Please print name)

SWORN TO AND SUBSCRIBED
Before me this ____ day of _____, 20___.

_____
Notary Public  [SEAL]

My Commission Expires: _____

4878-5941-7047, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    Civil Action No. **1:23-CV-04247-JPB** |
| **v.** | ) |
| | ) |
| **MASP, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:      **Quality Inn**
**2170 Delk Road S.E.,**
**Marietta, Georgia 30067**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| | |
|---|---|
| Place:  **Swift, Currie, McGhee & Hiers, LLP**<br>**1420 Peachtree Street, NE Suite 800**<br>**Atlanta, Georgia 30309** | Date and Time:<br>September 6, 2024 at 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   August 14, 2024

*CLERK OF COURT*                                              OR        *Kori E. Wagner*

_____                                   _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*         .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          : or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          . and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: 08/14/2024

_____

*Server's signature*

Lisa M. Adair, Paralegal

_____

*Printed name and title*

*1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309*

_____

*Server's address*

Additional information regarding attempted service, etc:

***Served via Certified Mail***

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4887-1662-7671, v. 1

**EXHIBIT "A"**
**QUALITY INN**

A <u>certified</u> copy of:

1. All registration receipts for guest A.J. (█████████████);
2. All check-out folios for guest A.J. (████████████);
3. All check-in folios for guest A.J. (███████████);
4. Copies of licenses or identification for A.J. (███████████);
5. Receipts or documentation evidencing payment for a room issued to guest A.J. (████
   █████;

4876-8764-5399, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:23-CV-04247-JPB |
| v. | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF AUTHENTICATION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45</u>**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **QUALITY INN,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.


_____
Records Custodian

_____
(Please print name)


SWORN TO AND SUBSCRIBED
Before me this ____ day of _____, 20___.


_____
Notary Public  [SEAL]

My Commission Expires: _____

4855-6002-0951, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No.  1:23-CV-04247-JPB |
| **v.** | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| **Defendant.** | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:     **Red Roof Inn**
        **2200 Corporate Plaza**
        **Smyrna, Georgia 30080**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| Place: | **Swift, Currie, McGhee & Hiers, LLP**<br>**1420 Peachtree Street, NE Suite 800**<br>**Atlanta, Georgia 30309** | Date and Time:<br>September 6, 2024 at 10:00 a.m. |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | | Date and Time: |
|---|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     August 14, 2024

*CLERK OF COURT*

_____     OR     *Kori E. Wagner*
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

### PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*

☐ I personally served the subpoena on the individual at *(place)*                on *(date)*        : or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*        , a person of suitable age and discretion who resides there, on *(date)*                . and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*        , who is designated by law to accept service of process on behalf of *(name of organization)*        on *(date)*        ; or

☐ I returned the subpoena unexecuted because        ; or

☐ other *(specify):*

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____        .

My fees are $_____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date:  08/14/2024

_____
*Server's signature*
*Lisa M. Adair, Paralegal*

_____
*Printed name and title*

*1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309*

_____
*Server's address*

Additional information regarding attempted service, etc:
*Served via Certified Mail*

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

*(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii)  a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4895-5883-0807, v. 1

**EXHIBIT "A"**
**RED ROOF INN**

A <u>certified</u> copy of:

1. All registration receipts for guest A.J. (█████████████);
2. All check-out folios for guest A.J. (█████████████);
3. All check-in folios for guest A.J. (███████████);
4. Copies of licenses or identification for A.J. (██████████);
5. Receipts or documentation evidencing payment for a room issued to guest A.J. (████████ █████);

4875-7243-3111, v. 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| A.J. and Q.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-CV-04247-JPB |
| v. | ) | |
| | ) | |
| MASP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF AUTHENTICATION**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45**

THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **RED ROOF INN,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought production.

_____
Records Custodian

_____
(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.

_____
Notary Public  [SEAL]

My Commission Expires: _____

4860-1516-8471, v. 1

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No.  **1:23-CV-04247-JPB** |
| **v.** | ) |
| | ) |
| MASP, LLC, | ) |
| | ) |
| **Defendant.** | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To:     **Studio 6**
        **1795 Crescent Centre Blvd**
        **Tucker, GA 30084**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE EXHIBIT "A" ATTACHED HERETO.**

| Place:  **Swift, Currie, McGhee & Hiers, LLP** | Date and Time: |
|---|---|
| **1420 Peachtree Street, NE Suite 800** | September 6, 2024 at 10:00 a.m. |
| **Atlanta, Georgia 30309** | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     August 14, 2024

CLERK OF COURT                                          OR     *Kori E. Wagner*

_____                                   _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *MASP, LLC* who issues or requests this subpoena, is:  **Kori Wagner, Marissa Merrill and Tracy Gilmore, Swift, Currie, McGhee & Hiers, LLP, 1420 Peachtree Street, NE, Suite 800, Atlanta, GA 3030, (404) 874-8800, Kori.wagner@swiftcurrie.com, Marissa.merrill, Tracy.gilmore@swiftcurrie.com**

AO 88B (Rev. 2/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No. **1:23-CV-04247-JPB**

<div align="center">

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*
</div>

This subpoena for *(name of individual and title, if any)*

was received by me on *(date)*          .

☐ I personally served the subpoena on the individual at *(place)*          on *(date)*          ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*          , a person of suitable age and discretion who resides there, on *(date)*          , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)*          , who is designated by law to accept service of process on behalf of *(name of organization)*          on *(date)*          ; or

☐ I returned the subpoena unexecuted because          ; or

☐ other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____          .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true.

Date:  08/14/2024

<div align="right" style="margin-right:20%">

_____

*Server's signature*

Lisa M. Adair, Paralegal

_____

*Printed name and title*

1420 Peachtree St. NE, Suite 800, Atlanta, GA  30309

_____

*Server's address*
</div>

Additional information regarding attempted service, etc:
**Served via Certified Mail**

AO 88B (Rev. 3/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*

 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

  (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

  *(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *(3) Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;

  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

  (iv) subjects a person to undue burden.

 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information;

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*

 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and

  (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4858-3612-4119, v. 1

**EXHIBIT "A"**
**STUDIO 6**

A <u>certified</u> copy of:

1. All registration receipts for guests Derrick Rogers and/or A.J. (  ),
2. All check-out folios for guest Derrick Rogers and/or A.J. ( );
3. All check-in folios for guest Derrick Rogers and/or A.J. ( ),
4. Copies of licenses or identification for either guests Derrick Rogers and/ A.J. ( ),
5. Receipts or documentation evidencing payment for a room issued to guests Derrick Rogers and/or A.J. ( ).

4854-6479-5607, v. 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

A.J. and Q.C.,                                      )
                                                    )
     Plaintiff,                                )
                                                    )
                                                    )   Civil Action No. 1:23-CV-04247-JPB
     v.                                        )
                                                    )
MASP, LLC,                                          )
                                                    )
     Defendant.                                )

**CERTIFICATE OF AUTHENTICATION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45</u>**

     THE UNDERSIGNED, _____, certifies same is a person responsible for the keeping of records for **STUDIO 6,** and the within and attached records are true and accurate reproductions and copies of the records of this facility, which were kept in the aforesaid facility and that said records were kept as reasonably necessary for record keeping.

     THIS CERTIFICATE is given pursuant to Federal Rule of Civil Procedure 45 in lieu of the personal appearance of the person certifying hereto, and in connection with a lawsuit involving **A.J. and Q.C. v. MASP, LLC.**

THE UNDERSIGNED further certifies that said records with this attached

Certificate were delivered (pursuant to Federal Rule of Civil Procedure 45) to, Kori

E. Wagner, Attorney of Record for **MASP, LLC** who is the counsel who sought

production.

_____
Records Custodian

_____
(Please print name)

SWORN TO AND SUBSCRIBED
Before me this _____ day of _____, 20___.

_____
Notary Public  [SEAL]

My Commission Expires: _____

4862-5070-4855, v. 1