UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. & Q.C., <br><br> Plaintiffs, <br><br> v. <br><br> MASP, LLC, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:23-cv-4247-JPB |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1. In March 2013, 14-year-olds A.J. and Q.C. were taken by their sex traffickers, Craig Hill (aka "Chris" or "Chris Brown") and Tkeyah Adams, to the Days Inn Stockbridge. Ex. 1, May 22, 2013 Incident Report, Plaintiffs A.J. and Q.C. 00066–70; Ex. 2, A.J. Dep., 14:21–23; Ex. 3, Q.C. Dep. 11:6–7; Ex. 4, Indictment of Craig Hill and Tkeyah Adams.

2. During their stay, the minor Plaintiffs were repeatedly bought and sold for sex out of room 123. Ex. 5, Warrant Application Affidavit, Plaintiffs A.J. and Q.C. 00033–35; Ex. 6, Case Disposition Summary, Plaintiffs A.J. and Q.C. 00059–61; Ex. 7, Plea Hearing Transcript, Plaintiffs A.J. and Q.C. 00171–172.

3. They were forced to perform various sexual acts, including oral and vaginal sex with older male buyers, and were involved in "two-girl specials," where both

Plaintiffs would engage in sexual activities with the same buyer simultaneously. Ex. 5, Warrant Application Affidavit, Plaintiffs A.J. and Q.C. 00033–35; Ex. 3, Q.C. Dep. 163:9–17.

4. Over the course of their stay, A.J. and Q.C. were statutorily raped by at least 14 different buyers. Ex. 8, Det. Lewis Investigative Summary, Plaintiffs A.J. and Q.C. 00358–363, Ex. 2, A.J. Dep. 202:12–203:3.

5. Hill was comfortable at the Days Inn Stockbridge, boasting that he knew the manager and front desk staff. Ex. 3, Q.C. Dep., 199:3–22, 225:24–226:8.

6. He was known to frequent hotels in the area and was well known at this particular hotel. Ex. 9, Application for Criminal Arrest Warrant, Plaintiffs A.J. and Q.C. 00031.

7. Hill and Adams had been renting room 123 since at least February 26, 2013, and had trafficked other victims at the hotel before A.J. and Q.C. arrived. Ex. 7, Plea Hearing Transcript, Plaintiffs A.J. and Q.C. 00171; Ex. 10, Det. Simonds Investigative Summary, Plaintiffs A.J. and Q.C. 00205; Ex. 11, A.J. Written Statement, Plaintiffs A.J. and Q.C. 00103; Ex. 6, Case Disposition Summary, Plaintiffs A.J. and Q.C. 00061; Ex. 5, Warrant Application Affidavit, Plaintiffs A.J. and Q.C. 00033; Ex. 12, Q.C. Written Statement, Plaintiffs A.J. and Q.C. 00100; Ex. 2, A.J. Dep. 136:6–137:7, 217:3–8.

8. These other victims, some younger than 14, told A.J. and Q.C. that they had

been with Hill and Adams for weeks. Ex. 2, A.J. Dep. 135:23–137:7, 190:2–19.

9.     Hill's boast that he knew the front desk staff was true. A front desk employee acted as one of Hill's lookouts, helping the trafficker maintain control over A.J. and Q.C. Ex. 11, A.J. Written Statement, Plaintiffs A.J. and Q.C. 00103; Ex. 2, A.J. Dep. 157:1–159:13.

10.    The front desk employee was one of multiple people at the hotel Hill had watching the minors to make sure they did not escape. Ex. 11, A.J. Written Statement, Plaintiffs A.J. and Q.C. 00102.

11.    The front desk employee was one of multiple people at the hotel Hill had watching the minors to make sure they did not escape. Ex. 11, A.J. Written Statement, Plaintiffs A.J. and Q.C. 00102.

12.    When A.J. and Q.C. were at the hotel, Hill would call them and question their activities when he was not there, knowing things only someone watching the girls at the hotel would know. Ex. 2, A.J. Dep. 216:3–18.

13.    When A.J. and Q.C. found themselves locked out of their hotel room, the minors approached the front desk for assistance. Ex. 2, A.J. Dep. 158:10-159:13; Ex. 3, Q.C. Dep. 192:15–19, 193: 6–7.

14.    The front desk employee, who was familiar with Plaintiffs' trafficker and knew his alias, called Hill to obtain his permission to let the two 14-year-olds back in the room. Ex. 2, A.J. Dep. 157:20–159:13; Ex. 3, Q.C. Dep. 192:15–193:15,

3

200:8–202:2.

15. After hanging up the phone, the front desk employee inquired about how much it would cost to purchase sex from one or both minors and expressed an interest in scheduling a "date" with them the next day. Ex. 2, A.J. Dep. 161:15-162:18.

16. A.J. and Q.C.'s trafficker directed Days Inn employees to provide the minors with "the things" they needed to do their "job." Ex. 2, A.J. Dep. 157:1–19.

17. Following this directive, housekeeping came to A.J. and Q.C.'s room multiple times per day—often as many as three to four—to supply fresh towels, exchange sheets, provide toiletries, or empty trash cans. Ex. 2, A.J. Dep. 157:20–158:18, 176:21–177:20; Ex. 3, Q.C. Dep. 188:14–189:5.

18. The contents of the room included digital timers set for 15 and 60 minutes, packaged and used condoms, multiple bottles of lubricants on the dresser, and handwritten notes listing time increments and pricing for each. Ex. 5, Warrant Application Affidavit, Plaintiffs A.J. and Q.C. 00033–34; Ex. 6, Case Disposition Summary, Plaintiffs A.J. and Q.C. 00059.

19. All of these items were in plain view, and the housekeepers would have had no choice but to observe them. Id.; Ex. 2, A.J. Dep. 176:21–177:20.

20. Heavy traffic could be seen coming in and out of Plaintiffs' room. In the span of just two days of their stay, at least 14 different buyers of commercial sex could be seen coming and going from room 123 at the Days Inn. Ex. 5, Warrant

Application Affidavit, Plaintiffs A.J. and Q.C. 00034; Ex. 8, Det. Lewis Investigative Summary, Plaintiffs A.J. and Q.C. 00358–363; Ex. 2, A.J. Dep. 202:12–203:3; Ex. 3, Q.C. Dep. 166:23–167:17.

21. The heavy foot traffic to and from the room did not go unnoticed by hotel staff—on several occasions over multiple days, employees contacted Adams to report such activity. Ex. 13, Tkeyah Adams Suspect Interview Summary, Plaintiffs A.J. and Q.C. 00399.

22. And after the Plaintiffs finished seeing a date, the front desk employee would call A.J. and Q.C.'s room to see if they needed anything. Ex. 2, A.J. Dep. 172:25–174:15.

23. If they did, housekeeping would bring towels or what they needed to the room. Ex. 2, A.J. Dep. 157:23–158:8.

24. A.J. and Q.C. were rescued from the Days Inn on March 22, 2013. Ex. 1, May 22, 2013 Incident Report, Plaintiffs A.J. and Q.C. 00066; Ex. 6, Case Disposition Summary, Plaintiffs A.J. and Q.C. 00059.

25. When police officers arrived at the hotel, they made contact with hotel management and obtained a rental roster. Ex. 14, Affidavit and Application for a Search Warrant, Plaintiffs A.J. and Q.C. 00224.

26. Officers "learned that management had seen a female matching the description of A.J. in room 123." Ex. 14, Affidavit and Application for a Search Warrant,

Plaintiffs A.J. and Q.C. 00224.

27.     A.J. and Q.C.'s traffickers were arrested, and Craig Hill was sentenced to 15 years for Keeping a Place of Prostitution and Pimping. Ex. 6, Case Disposition Summary, Plaintiffs A.J. and Q.C. 00061; Ex. 15, State v. Hill, No. 2013CR02540-06, Final Disposition, Plaintiffs A.J. And Q.C. 00053.

28.     In its 30(b)(6) deposition, Defendant testified that it had no knowledge of the Plaintiffs' allegations until receiving this lawsuit. Ex. 16, MASP, LLC 30(b)(6) Dep., 14:20–25, 15:19–16:11, 21:1–8.

29.     It also confirmed that it had no written or verbal statements from any witnesses related to the Plaintiffs being trafficked at the hotel. Ex. 16, MASP, LLC 30(b)(6) Dep., 14:20–25, 15:19–16:11, 21:1–8.

30.     Defendant testified that it lacked any information regarding the allegations altogether. Ex. 16, MASP, LLC 30(b)(6) Dep., 14:20–25, 15:19–16:11, 21:1–8.

31.     Despite numerous requests for documents related to employee hiring and training materials, internal communications and guidelines, photographs, surveillance, and video recordings of the premises, room rental records (including financial records), and documents related to the operation and maintenance of the Days Inn Stockbridge, Defendant produced only a single document: a map of the hotel layout. Ex. 16, MASP, LLC 30(b)(6) Dep. at 15:19–16:11; Ex. 17, Def. MASP, LLC's Resps. to Pls' First Cont'g Reqs for Prod. of Docs; Ex. 18, Map Layout, DEF000001.

32. Defendant only identified one employee who worked at the Days Inn Stockbridge, but did not know if she worked there in 2013, had no contact information for that employee (or any other staff). Ex. 16, MASP, LLC 30(b)(6) Dep., 17:9–20:13, 21:9–18.

33. One of the owners, Alpesh Patel, was the day-to-day manager of the Days Inn, overseeing responsibilities such as finances, ordering supplies, employee management, hiring and firing, daily operations, and room inspections, Alpesh testified that he did not have any information about employees, witnesses, or, most importantly, Plaintiffs' allegations. Ex. 16, MASP, LLC 30(b)(6) Dep., 11:10–12:13, 21:25–22:16.

34. None of the owners of MASP, LLC have knowledge or evidence concerning *any* of the allegations in Plaintiffs' Complaint. Ex. 16, MASP, LLC 30(b)(6) Dep. 11:10–12:13, 21:25–22:16; Ex. 19, Baldev Patel Dec. ¶¶ 2, 5–6; Ex. 20, Narmada Patel Dec. ¶¶ 2, 5–6; Ex. 21, Shilpa Patel Dec. ¶¶ 2, 5–6.

35. Defendant has no documents, records, evidence, or any information regarding Plaintiffs' sex trafficking at the hotel. Ex. 16, MASP, LLC 30(b)(6) Dep., 20:7–10, 21:1–4, 21:9–23; Ex. 22, Def. MASP, LLC's Resps to Pls' Fr. Cont'g Interrog., Interrog. No. 11.

36. Defendant has no knowledge of the identity, names, contact details, or any information about any hotel employees who worked at the hotel during the period

during which Plaintiffs were trafficked. Ex. 16, MASP, LLC 30(b)(6) Dep., 20:7–10, 21:1–4, 21:9–23; Ex. 22, Def. MASP, LLC's Resps to Pls' Fr. Cont'g Interrog., Interrog. No. 11.

Respectfully submitted this 11th day of October, 2024.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiffs*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 236-9784 | Facsimile

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
*Attorneys for Plaintiffs*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile