IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| A.J. and Q.C., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | 1:23-CV-04247-JPB |
| v. | : | |
| | : | |
| MASP, LLC, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT MASP, LLC'S RESPONSES TO PLAINTIFFS' FIRST CONTINUING REQUESTS FOR PRODUCTION OF DOCUMENTS

**COMES NOW**, Defendant MASP, LLC ("MASP"), named as a Defendant in the above-styled action, and hereby serves its responses and objections to Plaintiffs' First Request for Production of Documents.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.

Any and all logs, complaints, notices, reports, messages, incident reports, investigative materials, memoranda, photographs, videos, statements, recordings, or other documents related to Plaintiffs' sex trafficking at the Hotel, which is the subject of Plaintiffs' Complaint.

**RESPONSE:**    Defendant MASP objects to Request No. 1 as overbroad, unduly burdensome, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).  Subject to and without waiving the foregoing objection, Defendant MASP is not in possession, custody, or control of documents responsive to Request No. 1.

2.

Any and all logs, complaints, notices, reports, messages, incident reports, investigative materials, memoranda, photographs, videos, statements, recordings, or other documents related to any criminal activity, sex trafficking, prostitution, crime, or security issues/concerns at the Hotel from 2008 through 2013.

**RESPONSE:**    Defendant MASP objects to Request No. 2 as overbroad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).  Subject to and without waiving the foregoing objection, Defendant MASP is not in possession, custody, or control of documents relating to criminal activity, sex trafficking, prostitution, crime, or "security issues/concerns" related to the time period 2008 through 2013.

3.

All documents referencing any governmental or police citations, visits, violations, or investigations into the premises related to the safety of individuals on the premises or sex trafficking, prostitution, criminal, or illegal activity from 2008 through 2013.

**RESPONSE:**     **Defendant MASP objects to Request No. 3 as overbroad, unduly burdensome, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).   Subject to and without waiving the foregoing objections, Defendant MASP is not in possession, custody, or control of any responsive documents.**

4.

All documents referencing any governmental, police department, State and/or Federal agency, or task force operations or stings that took place on the premises from 2008 through 2013.

**RESPONSE:**     **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

5.

Any and all statements, whether recorded, oral, or otherwise, in your control or obtained on your behalf, from any person relating to the incident(s)

complained of in the Complaint.

**RESPONSE:**     **Defendant MASP objects to Request No. 5 to the extent it seeks information and documentation protected from disclosure under the attorney-client privilege, work product doctrine, and/or was created in anticipation of litigation.  Any statements were taken by or on behalf of defense counsel or Defendant's insurer after receiving notice of Plaintiffs' claim. Subject to and without waiving the foregoing objections, Defendant MASP is not in possession, custody, or control of any non-privileged documents responsive to this Request.**

6.

All documents you possess regarding any repairs, maintenance, security measures, or other actions you took from the Hotel which were necessary due to any incidents of criminal activity, sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other crimes occurring at the Hotel from 2008 through 2013.

**RESPONSE:**     **Defendant MASP objects to Request No. 6 as overbroad, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).  Subject to and without waiving the foregoing**

**objections, Defendant MASP is not in possession, custody, or control of any responsive documents.**

7.

Any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to Defendant with regard to Plaintiff's claims against Defendant. This request includes primary insurance coverage, excess or umbrella insurance coverage, or any other type of liability insurance coverage, medical payments coverage, and also includes all documents related thereto, including any reservation of rights or letter declining coverage for same.

**RESPONSE:**   **Defendant MASP has produced a copy of the applicable insurance policies and reservation of rights letter.**

8.

All documents, employee agreements, employee handbooks, pamphlets, announcements, newsletters, policy and procedure manuals, training materials, educational classes, webinars, or videotapes from 2008 through 2013 regarding the hiring and training of employees or managers at the Hotel, including but not limited to, issues involving safety, crime deterrence, sex trafficking awareness or prevention, prostitution, or any security measures at the Hotel.

**RESPONSE:**     **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

9.

All documents relating to any security plan(s) for the Hotel, any security measure considered or undertaken, or security measures considered but not implemented by Defendant for the property in question from 2008 through 2013.

**RESPONSE:**     **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

10.

Any and all photographs, surveillance, and/or videotape recordings that you have of the premises taken or made from 2008 through 2013.

**RESPONSE:**   Defendant MASP objects to Request No. 10 as overbroad, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).  Subject to and without waiving the foregoing objection, Defendant MASP is not in possession, custody or control of any photographs or surveillance videos responsive to this Request.

11.

All documents related to any police officer, courtesy officer, or private security company that provided security at the Hotel from 2008 through 2013, including but not limited to any contracts, agreements, employee files, memos, security logs, and investigation reports between Defendant and any other police officer, courtesy officer, or private security company.

**RESPONSE:**   Defendant MASP responds that it called the local police department for various criminal activities from 2008 through 2013. Defendant MASP is not possession, custody or control of documents responsive to this Request.

12.

All documents, reservations, receipts, or invoices relating to any room rented to Plaintiffs, their trafficker, or accomplices, and any products purchased

by same.

**RESPONSE:**   **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

13.

All documents, reservations, receipts, folios, or invoices relating to any rooms rented at the Hotel between March 1, 2012 and July 31, 2013.

**RESPONSE:**   **Defendant MASP objects to this Request as overly broad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant MASP is no longer in possession, custody or control of any documents responsive to this Request.**

14.

All documents reflecting complaints regarding Plaintiffs or their trafficker(s), including any police reports, complaint logs, and/or incident reports.

**RESPONSE:**   **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

15.

All documents related to any communication between Defendant and Plaintiffs and/or their trafficker or buyers.

**RESPONSE:     Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

16.

All documents relating or referring to the individuals identified below, including but not limited to, the complete guest folios for each particular stay (including all fields, whether or not those fields are visible to guests) for the following individuals and any other documents supporting or suggesting these individuals were ever a registered guest at the Hotel, paid for a room (or anything else) at the Hotel, or accessed internet or WIFI at the Hotel.[1]

- ▪ ███████████
- ▪ Craig Alexander Hill
- ▪ Tkeyah Adams*

**RESPONSE:     Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

17.

All documents that you receive in response to your Requests for Production of Documents, Subpoenas, and Open Records Requests to non-parties.

---

[1] Names of suspected sex trafficking victims protected by the Protective Order in this case have an asterisk beside the name.

**RESPONSE:** **Defendant MASP will agree to produce documents it receives in response to its Requests for Production of Documents, Subpoenas, and Open Records Requests to non-parties.**

18.

All documents, pleadings and/or exhibits filed, served, or prepared in connection with any personal injuries where Defendant has been a party since 2008.

**RESPONSE:** **Defendant MASP objects to Request No. 18 as overly broad, not relevant, not reasonably calculated to the discovery of admissible evidence, not sufficiently limited in time and scope, and outside the permissible scope of discovery pursuant to FED. R. CIV. P. 26(b)(1).**

19.

Any and all documentary evidence or other tangible evidence that is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

**RESPONSE:** **Defendant MASP objects to Request No. 19 as overbroad, unduly burdensome, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1). Defendant MASP further objects to the extent this Request seeks information and documentation**

**protected from disclosure under the attorney-client privilege, work product doctrine, and/or was created in anticipation of litigation.  Subject to and without waiving the foregoing objections, Defendant MASP will produce non-privileged documents responsive to this Request.**

20.

All reports and/or documents or records of any kind received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit. Also, please produce the entire file of all experts, including all materials relied upon by each expert in formulating their opinions and conclusions and all records created by any expert.

**RESPONSE:**    **Defendant MASP objects to Request No. 20 to the extent that it seeks documents protected by the work product doctrine and/or attorney-client privilege. Defendant MASP further objects to the Request to the extent that it seeks information outside the permissible scope of FED. R. CIV. P. 26(b)(1).  Subject to and without waiving these objections, Defendant MASP has not yet made any decisions regarding expert witnesses.**

21.

All documents evidencing the name and contact information (address, phone number, email) for all employees or independent contractors who worked

at the Hotel at any point from 2008 through 2013.

**RESPONSE:** **Defendant MASP objects to Request No. 21 as overbroad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1). Subject to and without waiving the foregoing objection, Defendant MASP is no longer in possession, custody or control of any documents related to its employees or independent contractors from 2008 through 2013.**

22.

All records, documents, notes, memoranda, minutes, and all other items evidencing all safety and/or security meetings related to the Hotel from 2008 through 2013.

**RESPONSE:** **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

23.

All budgets for security at the Hotel from 2008 through 2013.

**RESPONSE:** **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

24.

All video recordings of the property at issue for the time period of January 1, 2012 through December 31, 2013. If any of the video recordings have been destroyed, please produce your policies and procedures regarding video destruction.

**RESPONSE:** **Defendant MASP is no longer in possession, custody or control of any documents responsive to this Request. Defendant MASP further responds that recordings from its motion sensor video surveillance system are only retained for approximately 25-30 days until it is automatically overwritten, depending on its storage capacity.**

25.

All emails or communications relating to or referencing, or in any way that are relevant to any of the facts, people, witnesses, liability, damages, or other matters in any way related to or pertaining to the incident at issue.

**RESPONSE:** **Defendant MASP objects to Request No. 25 as overbroad and to the extent this Request seeks information and documentation protected from disclosure under the attorney-client privilege, work product doctrine, and/or was created in anticipation of litigation. Subject to and without waiving the foregoing objections, Defendant MASP is not in possession, custody or control of non-privileged documents responsive**

**to this Request.**

26.

All documents, agreements, contracts, handbooks, pamphlets, announcements, newsletters, manuals, standards, guidelines, or videotapes regarding the operation and maintenance of the Hotel from 2008 to the present.

**RESPONSE:** **Defendant objects to Request No. 26 as overbroad, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not limited in time, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).**

27.

All copies of documents, agreements, contracts, handbooks, pamphlets, announcements, newsletters, manuals, standards, guidelines, or videotapes regarding the booking or reserving of rooms at the Hotel from 2008 to the present.

**RESPONSE:** **Defendant objects to Request No. 27 as overbroad, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, not limited in time, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).**

28.

A map and floor plan of the property and parking lot of the Hotel.

**RESPONSE:**        **Defendant MASP will produce a floor plan of its property.**

29.

Any and all documents, communications, reports, emails, receipts, or schedules reflecting any inspections from the Hotel from 2010 through 2015.

**RESPONSE:**        **Defendant MASP objects to Request No. 29 as overly broad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant MASP is no longer in possession, custody or control of any document responsive to this Request.**

30.

The complete employee file, including payroll, time sheets, disciplinary records, and documentation evidencing the name, address, and employer of, every employee and independent contractor at the Hotel from 2008 through 2013. These documents may be redacted to ensure privacy of financial information.

**RESPONSE:**        **Defendant MASP objects to Request No. 30 as overbroad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1). Defendant MASP**

**further objects to this Request to the extent that is seeks disclosure of financial information and records of third-parties. Subject to and without waiving the foregoing objections, Defendant MASP is no longer in possession, custody or control of documents responsive to this Request.**

31.

Any and all documents, communications, reports, emails, and/or policies from 2008 through 2013 regarding the purchase, provision, and/or sale of condoms at the Hotel.

**<u>RESPONSE:</u>    Defendant MASP is not in possession, custody or control of any documents responsive to this Request. In further response, Defendant MASP did not sell condoms at the subject property during the requested time period.**

32.

Any and all documents, communications, reports, emails, and/or policies regarding prostitution at the Hotel from 2008 through 2013.

**<u>RESPONSE:</u>    Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

33.

Any and all documents, communications, reports, emails, and/or policies

regarding sex trafficking at the Hotel from 2008 through 2013.

**RESPONSE:** **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

34.

Any and all documents, communications, reports, emails, and/or policies related to safety and/or security at the Hotel from 2008 through 2013.

**RESPONSE:** **Defendant MASP objects to Request No. 34 as overly broad, vague, and not sufficiently limited in time and scope. Subject to and without waiving these objections, Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

35.

All documents, including all communications, related to any internal investigation, audit, review, and/or assessment of the Hotel from 2008 through 2013.

**RESPONSE:** **Defendant MASP objects to Request No. 35 as overly broad, vague, not sufficiently limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

36.

All complaints, tips, emails, voicemails, memorandums, letter, notifications, reviews, comments, pictures, and documents from any person and/or entity that references in any way issues, complaints, and/or incidents at the Hotel involving criminal activity, sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at the Hotel from 2008 through 2013.

**RESPONSE:** **Defendant MASP objects to Request No. 36 as overly broad, vague, not sufficiently limited in time and scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

37.

All documents, including all communications, related in any way to sex trafficking that you received or created from 2008 through 2013.

**RESPONSE:** **Defendant MASP is not in possession, custody or control of any documents responsive to this Request. For further response, Defendant MASP recalls that sex trafficking training may have become available through its franchisor, Wyndham, around 2013, but Defendant**

**MASP is not in possession, custody or control of any documents responsive to this Request.**

38.

All documents, including all communications, related in any way to prostitution that you received or created from 2008 through 2013.

**RESPONSE:** **Defendant MASP objects to Request No. 38 as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

39.

Any and all documents, communications, reports, and emails related in any way to, or among and between, Defendant and End Child Prostitution, Child Pornography, and Trafficking of Children for Sexual Purposes, Inc. (ECPAT-USA, ECPAT-International), The Code, Polaris, Children of the Night, Out of Darkness, BeLoved Atlanta, End It, and any and all other non-profit and/or organizations involving anti-sex trafficking efforts from 2008 through 2013.

**RESPONSE:** **Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

40.

All documents and communications, including all emails, exchanged between you and your insurance company in order to obtain coverage regarding criminal activity, crimes, and/or security issues at the Hotel from 2008 through 2013.

**RESPONSE:**   **Defendant MASP objects to Request No. 40 as overbroad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).  Subject to and without waiving the foregoing objection, Defendant MASP is not in possession, custody or control of any documents responsive to this Request.**

41.

True, accurate, and complete copies of all affidavits, witness statements, and documents obtained from any person about any information relevant to any issue in this lawsuit, including, but not limited to, the issues of liability and/or damages from 2008 through 2013.

**RESPONSE:**   **Defendant MASP objects to Request No. 41 to the extent it seeks information and documentation protected from disclosure under the attorney-client privilege, work product doctrine, and/or was**

**created in anticipation of litigation.   Any statements were taken by or on behalf of defense counsel or Defendant's insurer after receiving notice of Plaintiffs' claim. Subject to and without waiving the foregoing objections, Defendant MASP is not in possession, custody, or control of any non-privileged documents responsive to this Request.**

42.

Any and all photographs, documents, or demonstrative evidence that you intend to use in the defense of this case or to introduce at trial.

**<u>RESPONSE:</u>      Defendant MASP objects to Request No. 42 to the extent this Request seeks information and documentation protected from disclosure under the attorney-client privilege, work product doctrine, and/or was created in anticipation of litigation.   Subject to and without waiving the foregoing objection, Defendant MASP has not decided what documents or evidence it may intend to introduce at the trial of this case.   Defendant MASP will agree to produce the documents and evidence it intends to produce at the trial of this case in accordance with the Pre-Trial Order.**

43.

Please list any and all complaints, tips, emails, voicemails, memorandums, letters, notifications, reviews, comments, and documents that the Defendant

received or became aware of from any person and/or entity that references in any way issues, complaints, and/or problems at Defendant's Hotel involving violent crime, criminal activity, sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes on or before July 1, 2013. Please include in the list the date of the complaint, tip, email, voicemail, memorandum, letter notification, review, comment, or documents, the nature of the situation addressed, and the name and contact information of the person communicating the same.

**RESPONSE:**     **Defendant MASP objects to Request No. 43 as overbroad, unduly burdensome, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).  Subject to and without waiving the foregoing objection, Defendant MASP responds that it had a suggestion box at the front desk of the hotel around 2008 for written reviews and that it does not recall when it began monitoring online reviews. For further response, Defendant MASP cannot recall each and every "complaint, tip, notification, review, [or] comment" it received prior to July 1, 2013.**

Respectfully submitted this 12th day of January, 2024.

*[Signature appears on next page]*

22

SWIFT, CURRIE, McGHEE & HIERS

By:     */s/ Marissa H. Merrill*
        KORI E. WAGNER
        Georgia Bar No.: 155438
        MARISSA H. MERRILL
        Georgia Bar No. 216039
        TRACY A. GILMORE
        Georgia Bar No. 633193
        *Attorneys for Defendant*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 12th day of January, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **Defendant MASP, LLC's Responses To Plaintiffs' First Continuing Requests For Production Of Documents** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

**SWIFT, CURRIE, McGHEE & HIERS**

By:   */s/ Marissa H. Merrill*
     Kori E. Wagner
     Georgia Bar No. 155438
     Marissa H. Merrill
     Georgia Bar No. 216039
     Tracy A. Gilmore
     Georgia Bar No. 633193
     *Attorneys for Defendant MASP, LLC*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
Tel:  404.888.6191
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4896-0431-5546, v. 1