IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| A.J. and Q.C., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| | : | 1:23-CV-04247-JPB |
| v. | : | |
| | : | |
| MASP, LLC, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT MASP, LLC'S RESPONSES TO PLAINTIFFS' FIRST CONTINUING INTERROGATORIES

**COMES NOW**, Defendant MASP, LLC ("Defendant MASP"), named as a Defendant in the above-styled action, and hereby serves its responses and objections to Plaintiffs' First Interrogatories.

### INTERROGATORIES

1.

Please identify any and all person(s) who owned, managed, maintained, and/or were in control of the Days Inn Stockbridge, or provided security at the hotel, from 2008 to 2013, including the time frame and contact information for each such person.

**RESPONSE:** **Defendant MASP identifies Baldev Patel, Alpesh Patel, Narmada Patel, and Shilpa Patel as owners of MASP during the requested time period of 2008 to 2013. These individuals can be contacted through defense counsel.**

2.

Please identify all potential persons or entities that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiffs in this action, and identify in detail any and all claims or facts that any other person or entity is responsible for any aspect of Plaintiff's claims and damages.

**RESPONSE:** **Defendant MASP responds that Plaintiffs' traffickers, Craig Alexander Hill and T'Keyah Adams, and any buyers (or "Johns") are liable for any judgment that could be obtained by Plaintiffs in this action for their involvement in any crimes committed against Plaintiffs.**

3.

Please identify any insurance company that may be liable for satisfying all or part of a judgment that may be entered in this action or for indemnifying or reimbursing for payments made to satisfy the judgment. Please state the policy number for each such policy and the limits of liability coverage for each such

policy of insurance that may be available to pay any part of or all of a judgment rendered versus any Defendant. Please provide any reservation of rights letter that have been issued. This request includes all primary and excess umbrella policies.

**RESPONSE:** **Defendant MASP identifies its insurance policies with Owners Insurance Company, which have already been produced to Plaintiffs' counsel in connection with Defendant MASP's Initial Disclosures.  Defendant MASP has also produced a copy of the reservation of rights letter issued in this matter.**

4.

Did Defendant have knowledge, notice, or information of any complaints, incidents, or warnings of any violent crimes, sexual assaults, rapes, incidents of commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring on the premises of the hotel between March 1, 2008 through March 31, 2013? If so, please explain in detail the nature of each incident or occurrence, the date of the incident or occurrence, the outcome of such claims, and what MASP, LLC did as a result of having that knowledge.

**RESPONSE:** **Defendant MASP objects to this Interrogatory as overbroad, unduly burdensome, not relevant, not reasonably calculated to the discovery of admissible evidence, and outside the permissible scope of**

**discovery, pursuant to FED. R. CIV. P. 26(b)(1) with respect to the request for knowledge, notice or information related to any violent crimes between March 1, 2008 to March 13, 2013. Subject to and without waiving the foregoing objections, Defendant MASP responds that it called the local police department for various criminal activities since owning and operating the hotel. Defendant MASP cannot recall each and every violent crime that it was aware of that occurred on the premises during this subject time period, which is over ten years ago.**

5.

Please identify all actions taken, documents created, and communications made by you in response to the incident forming the basis of Plaintiffs' Complaint and identify the person(s) who took such action or had knowledge thereof.

**RESPONSE: Defendant MASP objects to this Interrogatory to the extent it seeks information and documentation protected from disclosure under the attorney-client privilege, work product doctrine, and/or was created in anticipation of litigation. Subject to and without waiving the foregoing objections, Defendant MASP did not become aware of the subject incident until it received notice of Plaintiffs' claims and Plaintiffs' Complaint. After receiving notice of Plaintiffs' claims, defense counsel became involved to**

**investigate and defend Defendant MASP against Plaintiffs' claims. Defendant MASP is not in possession, custody or control of any documents responsive to this Interrogatory.**

6.

Identify by name, address, and phone number all persons who you believe may have knowledge of any of the events described in Plaintiffs' Complaint, and for each such person, state what you believe to be the substance of that person's knowledge.

**<u>RESPONSE:</u> Defendant MASP responds that Plaintiffs, their friends, family, traffickers Craig Alexander Hill and T'Keyah Adams, and any of Plaintiffs' buyers (or "Johns") may have knowledge of any of the events described in their Complaint.**

7.

Identify all expert witnesses you intend to call or may call at trial, and, for each expert:

i. State the subject matter on which the expert is expected to testify;

ii. State the substance of the facts and the opinion to which the expert is expected to testify; and

iii. Provide a summary of the grounds of each opinion.

**RESPONSE: Defendant MASP has not yet made a decision regarding expert witnesses for this case.**

8.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of any documents, logs, incident reports, investigative materials, memoranda, photographs, videos, charts, emails, messages, electronic data, communications, correspondence, graphs, any other tangible items of any type, or other descriptions concerning violent crime, sexual assaults, rapes, incidents of commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at the Hotel premises between March 1, 2008 and December 31, 2013, please identify or produce such document(s) and state:

 i. What each such item purports to show, illustrate, or represent;

 ii. The date it was made or taken and by whom; and

 iii. The name and address of the person having custody of such item.

**RESPONSE:**  **Defendant MASP objects to this Interrogatory as overbroad, unduly burdensome, not relevant, not reasonably calculated to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1) with respect to the request for**

**knowledge, notice or information related to any violent crimes between March 1, 2008 to March 13, 2013. Subject to and without waiving the foregoing objections, Defendant MASP is not presently aware of any responsive documents.**

9.

Please identify any and all employees and/or personnel of Defendant that have maintained, kept, or otherwise stored records, e-mails, documents, videos, and/or information on a personal electronic device and/or computer as it relates in any way to the Hotel from March 1, 2008 to the date of trial in this case.

**RESPONSE: Defendant MASP objects to this Interrogatory as overly broad, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and not sufficiently limited in time and scope. Subject to and without waiving these objections, Defendant MASP is not presently aware of any of its employees maintaining, keeping, or otherwise storing documents responsive to this Interrogatory and specifically related to the subject time period, on their personal electronic device and/or computer.**

10.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports

facts relevant to Plaintiff's claims, any relevant facts, liability or damages, and any defenses in this case.

**RESPONSE: Defendant MASP objects to this Interrogatory as overbroad, unduly burdensome, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1). Defendant MASP further objects to the extent this Interrogatory seeks information and documentation protected from disclosure under the attorney-client privilege, work product doctrine, and/or was created in anticipation of litigation. Subject to and without waiving the foregoing objection, Defendant MASP is not presently aware of any responsive documents.**

11.

Please identify each and every person who was employed at or worked at the Hotel, including subcontractors, from 2008 through 2013, and for each such person, please state their job title, last known contact information (phone number, e-mail, mailing address, etc.), and state whether each such person is still employed by the Hotel.

**RESPONSE: Defendant MASP objects to this Interrogatory as overly broad, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and not sufficiently limited in time and scope. Subject**

**to and without waiving these objections, upon information and belief, Defendant MASP is no longer in possession, custody or control of documents related to its employees or subcontractors from 2008 through 2013. In further response, Defendant MASP recalls that Nikki Robinson worked at the hotel for a period of time as the front desk clerk but cannot recall whether it was during the requested timeframe.**

12.

Please identify and describe in detail any program, policy, industry standard, procedure, or action followed by you between March 1, 2008 and March 31, 2013, which relates to safety, warning, or trainings to help reduce or minimize the risk of any violent crime, sexual assaults, rapes, commercial sex activity, prostitution, pimping, indecent exposure, sex trafficking, or other sex crimes occurring at Defendant's Hotel.

**<u>RESPONSE:</u>   Defendant MASP objects to this Interrogatory as overly broad, not relevant, and not sufficiently limited in time and scope. Subject to and without waiving these objections, Defendant MASP states that its employees made a photocopy of each guest's driver's license as a part of the check-in process at the hotel.  Employees of Defendant MASP made notations of issues or concerns that arose during a shift that was discarded**

**after each day.  Defendant MASP also called the local police department and advised its guests to call the local police when they needed to report a crime on the premises.**

13.

Please identify with specificity all prior injuries, claims, complaints, or lawsuits made against you involving personal injury or death at the Hotel from 2008 through the date of trial in this case, including the date, time, and place of occurrence; the name, address, and telephone number of all parties and their attorneys involved in said incident; the address of all investigating people or departments, the personal injuries and property damage, if any, claimed in such incident and a short description of how the incident occurred and was resolved.

**<u>RESPONSE:</u>     Defendant MASP objects to this Interrogatory as overbroad, unduly burdensome, not relevant, not reasonably calculated to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1).  Subject to and without waiving the foregoing objections, Defendant MASP cannot recall each and every injury, claim, and complaint that may have been made involving the premises of the during the requested time period, which presently spans over 15 years.  In further response, in March of 2023, Defendant MASP was**

**advised of a claim made by a guest related to an illness she alleges was caused by drinking water at the property.**

14.

Has any third-party, private insurer, bank, governmental agency or other entity ever inspected or inquired about safety hazards, nuisances, or criminal activity at Defendant's Hotel or required you to make changes either to operate, get insurance or comply with regulations, and if so please fully identify same, to include dates, names and circumstances.

**RESPONSE:** **Defendant MASP objects to this Interrogatory as overbroad, not relevant, not reasonably calculated to the discovery of admissible evidence, and outside the permissible scope of discovery, pursuant to FED. R. CIV. P. 26(b)(1) with respect to the request for information regarding an unidentified time period at the subject hotel. Subject to and without waiving the foregoing objections, and upon information and belief, Defendant MASP responds that its franchisor, Wyndham, performed biannual inspections of the property for many years and recently began using a third-party to complete these inspections. According to the results of the inspection, Defendant MASP recalls being advised to update its housekeeping or linens. Defendant MASP is no longer in possession, custody or control of**

**any documents related to these inspections.**

15.

Please state whether an internal investigation, audit, review, and/or assessment of Defendant's Hotel was ever performed from 2008 through 2013. If so, for each investigation, audit, review, and/or assessment, please state:

i. The name, address, capacity, and employer of each person who directed the investigation, audit, review, and/or assessment;

ii. The name, address, capacity, and employer of any and all persons who wrote, compiled, conducted and furnished information related to the investigation, audit, review, and/or assessment;

iii. The dates upon which the investigation, audit, review, and/or assessment was conducted;

iv. Whether any written or oral reports, memorandums, emails, and/or other documents were generated related to the investigation, audit, review, and/or assessment.

**RESPONSE: Defendant MASP did not perform formal "internal investigation[s], audit[s], review[s], or assessment[s]" of the subject property during 2008 through 2013. However, employees of Defendant MASP were present on the subject property daily during that time period and would have**

**performed a daily assessment of the property in connection with their regular duties operating the hotel.**

16.

Identify all individuals and/or third-party companies who conducted any type of communication with guests on your behalf, collected guest complaints or reviews on your behalf, or collected or monitored any kind of online reviews of the Hotel from 2008 through 2013. For each, please include the name, time period, and contact information.

**RESPONSE:** **Defendant MASP does not recall monitoring online reviews during 2008 through 2013 and did not engage a third-party to collect guest complaints. Defendant MASP had a suggestion box located at the front desk where it received paper reviews for a period of time around 2008.**

17.

Describe in detail any information you have indicating that there was any wrongdoing or failure on the part of any employees in oversight and/or management as it related to safety and crime prevention at the Hotel from 2008 through 2013.

**RESPONSE:** **Defendant MASP objects to this Interrogatory as overly broad, ambiguous, not relevant, and to the extent that is seeks the legal**

**conclusions and mental impressions of counsel and/or information protected by the attorney-client privilege, which are protected from disclosure. Subject to and without waiving these objections, none.**

18.

Please describe in detail how you educated employees on the policies and procedures of the Hotel, including specifically any crime deterrence, safety training, or safety policies, from 2008 through 2013.

**RESPONSE: Defendant MASP responds that its employees were educated and trained for their positions while working on the job. Defendant MASP advised its employees and its guests to call the local police for any criminal or suspicious activities.**

19.

Please describe in detail how you supervised employees at the Hotel, including specifically with respect to any crime deterrence, safety training, or safety policies, from 2008 through 2013.

**RESPONSE:   Defendant MASP responds that its employees were supervised by the front desk clerk and hotel manager.**

Respectfully submitted this 12th day of January, 2024.

[*Signature appears on next page*]

-14-

SWIFT, CURRIE, McGHEE & HIERS

By:   */s/ Marissa H. Merrill*
     KORI E. WAGNER
     Georgia Bar No.: 155438
     MARISSA H. MERRILL
     Georgia Bar No. 216039
     TRACY A. GILMORE
     Georgia Bar No. 633193
     *Attorneys for Defendant*

1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-4347
(404) 874-8800
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This is to certify that on the 12th day of January, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **Defendant MASP, LLC's Responses To Plaintiffs' First Continuing Interrogatories** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

        **SWIFT, CURRIE, McGHEE & HIERS**

By:  */s/ Marissa H. Merrill*
      Kori E. Wagner
      Georgia Bar No. 155438
      Marissa H. Merrill
      Georgia Bar No. 216039
      Tracy A. Gilmore
      Georgia Bar No. 633193
      *Attorneys for Defendant MASP, LLC*

1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309
Tel:  404.888.6191
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4859-9858-9850, v. 1