IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| A.J. and Q.C., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION FILE NO. |
| v. | : | 1:23-cv-04247-JPB |
| | : | |
| MASP, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS, ANIQUE WHITMORE

**COMES NOW**, Defendant MASP, LLC ("Defendant MASP"), named as a Defendant in the above-styled action, and hereby files this Brief in Support of its Motion to Exclude Plaintiff's Expert Witness, Anique Whitmore because she was disclosed after the deadline in this Court's Scheduling Order and does not meet the standard for admissibility set forth in the Federal Rules of Evidence 702, 403, and <u>Daubert v. Merrell Dow Pharm, Inc.</u>, 509 U.S. 579 (1993) and its progeny. In support of this Motion, Defendant MASP respectfully shows the Court as follows:

## FACTUAL INTRODUCTION

This action arises out of Plaintiffs' allegations that MASP, which operated the Days Inn Stockbridge hotel, violated the TVPRA as to Plaintiff A.J. and

Plaintiff Q.C. (Plaintiffs' Complaint at ¶¶ 54-72).  Unbeknownst to the hotel, Plaintiffs were trafficked for sex by Craig Alexander Hill and/or T'keyah Algner Adams, while staying at the Days Inn Stockbridge hotel in March of 2013. (Id. at ¶¶ 14). MASP incorporates by reference the Statement of Genuine, Undisputed Material Facts filed in support of Defendant's Motion for Summary Judgment, contemporaneously filed herewith. (See Defendant's Statement of Facts.)

On July 26, 2024, the parties filed a joint motion to amend the scheduling order deadlines to specifically include deadlines for expert discovery. (See Joint Motion to Amend, [Doc.47]).  However, on August 1, 2024, issued an Order specifically denying the parties' request to establish a separate expert discovery deadline or otherwise extending the discovery deadline for expert discovery. (See Order, [Doc. 48]).  Instead, the Order granted an extension of the dispositive and Daubert motion deadline to October 11. (Id.).  In that Order, the Court did not provide a new deadline for discovery, and therefore, the discovery period expired on August 14, 2024. (Id.).  The Court then "defer[red] to the parties to set agreed-upon deadlines for fact discovery and expert discovery **within the time provided**." (Id.) (emphasis added).  After receiving this Order, the parties did not discuss, and did not set, such deadlines for expert discovery.  Accordingly, pursuant to this Court's Order, the discovery period expired on August 14, 2024. Defendant timely disclosed Dr. Kimberly Mehlman-Orozco as its testifying expert on August 14,

2024. (See Def. Expert Discl., [Doc. 52])). Plaintiffs did not identify any experts within the discovery period.

Thirty days later, on September 13, 2024, Plaintiffs identified Anique Whitmore ("Whitmore") as an expert witness who may offer testimony at the trial of this case. (See Plaintiffs Expert Discl., [Doc. 54]).  Importantly, she was not identified as a rebuttal expert. (Id.).  Further, Ms. Whitmore's report clearly demonstrates that she was retained and identified as an affirmative expert to provide independent opinions in this case, not mere rebuttal testimony to Defendant's expert. (See Whitmore Report, attached hereto as Exhibit A). Ms. Whitmore's expert report addresses four topics: (1) What is sex trafficking? (2) What techniques do sex traffickers use to recruit their victims and cause them to engage in commercial sex? (3) Why might trafficking victims not try to escape or not seek help from family, medical professionals, or law enforcement? And (4) What are the psychological consequences of sex trafficking on the victim? (See Report of Anique Whitmore, p. 2). Because Ms. Whitmore is a late-disclosed expert and her disclosure is direct violation of this Court's August 1, 2024 Order, Defendant now seeks to have her expert testimony excluded in its entirety. While exclusion of Ms. Whitmore's opinions in testimony is well within the discretion of this Court and is supported by substantial case law, in the event this Court

permits Ms. Whitmore to provide testimony in this case, such testimony should be limited for the reasons discussed herein.

## <u>ARGUMENT AND CITATION TO AUTHORITY</u>

**A.      Whitmore must be excluded because she was not timely identified as a testifying expert.**

A party that "fails to provide information or identify a witness as required by Rule 26(a)…is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Federal Rules of Civil Procedure further dictate that parties must make their expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). It is well within this Court's broad discretion to exclude Plaintiff's untimely disclosed expert witness. <u>See</u>, <u>e.g.</u>, <u>Doe v. Gwinnett Cnty. Sch. Dist.</u>, No. 1:18-CV-05278-SCJ, 2021 WL 12298950, at *5 (N.D. Ga. July 22, 2021) (excluding late-disclosed expert witness despite earlier *identification* of the expert); <u>United States ex re.</u> <u>TVA v. Easement & Right-of-Way over 4.42 Acres of Land</u>, 782 F. App'x 945, 950–51 (11th Cir. 2019) (affirming exclusion of expert testimony due to unjustified failure to timely submit an expert report); <u>Fox v. Gen. Motors LLC</u>, No. 1:17-CV-209-MHC, 2019 WL 3483171 (N.D. Ga. Feb. 4, 2019) (excluding several experts due to untimely expert reports); <u>Harrell v. United States Fire Ins.</u> <u>Co.</u>, No. 4:18-CV-00110-HLM, 2019 WL 3772644, at *3 (N.D. Ga. Feb. 28,

2019) (excluding expert whose report was not disclosed until after close of discovery); Luxottica Grp., S.p.A., No. 1:15-CV-1422-AT, 2017 WL 1806384 (excluding expert whose report was disclosed four days after the close of discovery); Durkin v. Platz, 920 F.Supp.2d 1316, 1326–28 (N.D. Ga. 2013) (excluding expert whose report was disclosed two months after the close of discovery).

Here, the exclusion of Whitmore is warranted because Plaintiffs failed to disclose (or otherwise identify) her prior to the close of the discovery pursuant to this Court's Scheduling Order. (See Order, [Doc. 48]). Plaintiffs cannot show substantial justification for this late disclosure because they at least contemplated using an expert witness in this case as of July 26, when the parties filed a joint motion to amend the scheduling order for expert discovery. (See Joint Motion, [Doc. 47]). However, that Motion was denied by this Court and, therefore, Plaintiffs were required to comply with the Court's deadlines. Despite this, and with full knowledge that the deadline to identify experts had not been extended, Plaintiffs waited to disclose Whitmore as their expert until 30 days *after* the close of discovery. This Court specifically deferred to the parties to "set agreed-upon deadlines" to include expert discovery **within the provided discovery period**, but Plaintiffs did not formally or even informally identify Ms. Whitmore's involvement in this case within that time period. (See Order, [Doc. 48]). Thus,

Whitmore should be excluded because there is no substantial justification for her untimely disclosure and the late disclosure prejudices the Defendant.[1] See Harrell, 2019 WL 3772644, at *2 ("[P]rejudice is presumed because the very point of this Court's expert-disclosure rule 'is for the opposing party to have an adequate opportunity to depose the expert and name its own counter-expert.'") (internal citations omitted). Accordingly, Defendant requests that this Court grant its motion and exclude Ms. Whitmore's testimony and opinions in their entirety.

**B.     Even if Whitmore had been timely disclosed, her opinions fail to meet the standard for admissibility and must be excluded.**

Whitmore and her proffered expert opinions should be properly excluded under Fed. R. Evid. 702, 403, and Daubert. While it is undisputed that Whitmore is a licensed professional counselor in Georgia and has prior experience working with sexual abuse victims, she lacks the knowledge, experience and expertise to qualify her to give opinions on sex trafficking, each Plaintiff's victimization through sex trafficking, and MASP's alleged involvement or knowledge of sex trafficking. Whitmore relies upon unsupported speculation, mere observations, and subjective beliefs for her opinions, as opposed to reliable principles and scientific methods. For the reasons stated herein, Whitmore, and her opinions, fail

---

[1] If this Court is included to permit Plaintiff's expert witness, Defendant requests that the expert discovery period be reopened for sixty (60) days to allow Defendant to take her deposition and consider disclosing a rebuttal expert witness.

to meet the strict standard for the admissibility of expert testimony under Fed. R.

Evid. 702 and Daubert and should be excluded or limited on this basis.

## I.     Standard for Admissibility of Expert Testimony.

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a)     the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)     the testimony is based on sufficient facts or data;

(c)     the testimony is the product of reliable principles and methods; and

(d)     the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court acts as a gatekeeper to ensure testimony

which does not satisfy this standard is excluded. Daubert, 509 U.S. 579; United

States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004); Allison v. McGhan

Medical Corp., 184 F.3d 1300, 1311-132 (11th Cir. 1999) (noting "the judge's

role is to keep unreliable and irrelevant information from the jury because of its

inability to assist in factual determinations, its potential to create confusion, and

its lack of probative value"). Even though there may be overlap in the analysis,

each of the prongs represents individual elements that must be satisfied. Quiet-

Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003).

It is Plaintiffs' burden to demonstrate the proffered expert testimony is admissible.

Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1261 (11th Cir. 2004); McDowell v. Brown, 392 F.3d 1283, 1298 (11th Cir. 2004). Qualifications alone are not sufficient for this analysis, as even a "supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based on some recognized scientific method." McDowell, 392 F.3d at 1298 (quoting Clark v. Takata Corp., 192 F.3d 750, 759, n. 5 (7th Cir. 1999)).

Daubert provides four guideposts to assess the reliability of expert testimony: (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the technique has been subjected to peer review and publication; (3) the known and potential error rate of the methodology; and (4) whether the technique has been generally accepted in the proper scientific community. Daubert, 509 U.S. at 593-594; McDowell, 392 F.3d at 1298.  Fed. R. Evid. 702 imposes a firm duty upon district courts to ensure that speculative and unreliable opinions do not reach the jury.  McGee v. Envenflo Co., 2003 U.S. Dist. LEXIS 25039 at *8 (M.D. Ga. December 11, 2003).  To fulfill this gatekeeper function, the Court must "assess the reasoning and methodology underlying the expert's opinion and determine whether it is both scientifically valid and acceptable to a particular set of facts." Id. (quoting Goebel v. Denver and Rio Grande W. R.R. Co., 346 F.3d 987. 991 (10th Cir. 2003).

The FRE Advisory Committee and the Eleventh Circuit have enumerated additional factors to determine whether an expert's testimony meets <u>Daubert</u>'s reliability requirements. Fed R. Evid. 702; <u>U.S. v. Frazier</u>, 387 F.3d 1244, 1297 (11th Cir. 2004). These include whether: (1) the testimony "grow[s] naturally and directly out of research [experts] have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying"; (2) "the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion"; and (3) "the expert has adequately accounted for obvious alternative explanations." <u>Id.</u> Importantly, it is the Plaintiffs who bear the burden of proving to this Court that Whitmore and her opinions are admissible – that more likely than not she is (a) qualified, (b) her opinions are reliable, and (c) her opinions will assist the trier of fact is this matter. For the reasons set forth below, Plaintiffs cannot satisfy this burden.

## II.   Whitmore is not qualified to give opinions as an expert on the topic of sex trafficking, and specifically, the techniques of sex traffickers and the actions of sex trafficking of victims.

"Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony'." <u>Atlantic Rim Equities, LLC v. Slutzky, Wolfe, and Bailey</u>, 2006 WL 5159598, *4 (N.D. Ga. 2006). A witness can be qualified to give expert testimony by virtue of her education, training or

experience, as "there is no mechanical checklist for measuring whether an expert is qualified to offer opinion evidence in a particular field." Woodward v. Wal-Mart Stores East, LP, 2011 U.S. Dist. LEXIS 95370 (M.D. Ga. 2011) (citations omitted). But an expert may not simply rely on general experience to offer any conceivable opinion. Frazier, 387 F.3d at 1261.

Whitmore lacks the qualifications necessary to testify as an expert on the subject of sex trafficking. Specifically, her education, training, and experience is insufficient to qualify her to provide expert opinions related to sex trafficking, the techniques utilized by traffickers, and the reasons sex trafficking victims might not try to escape. While Whitmore earned a master's degree in counseling psychology and practices as a psychotherapist, she does not have sufficient technical or specialized knowledge obtained through research and experience on the specific subject of sex trafficking – and no research whatsoever surrounding the perpetrators/traffickers. (See Whitmore Report, CV, p. 1391). She has not completed any counseling-related research since 1999; has never conducted research on the at-issue subject of sex trafficking; and has not authorized any scholarly writings on the topic of sex trafficking. (See id.). Although Whitmore has not yet been deposed in this case – due to the fact that she was identified well after the close of discovery – Whitmore is familiar to the undersigned counsel because she has been deposed in other cases involving allegations of sex

trafficking. Accordingly, while Defendant has not deposed her in this case and reserves the right to do so if she is permitted to testify, it is expected that she would offer the same testimony about her professional experience, which supports Defendant's position that she has a lack of relevant experience on this subject. Notably, Whitmore's only exposure to sex trafficking victims has been the occasional interview of sex trafficking victims or her expert-legal work in these cases. (See Whitmore Report, CV, p. 1391). Her practice is overwhelmingly focused on the general topics of sexual abuse or crimes against women and children. (Id.). Whitmore is unqualified to offer opinions about (1) what techniques the trafficker used to recruit victims; (2) why Plaintiffs did not try to escape earlier; and (3) the effects of the trafficking on Plaintiffs based on her limited and isolated experience interviewing victims. In fact, Whitmore's victim interviews have not been researched, peer-reviewed, or studied. Moreover, the scope of her limited knowledge of sex trafficking is completely one-sided, as she does not interview the sex traffickers. Yet she attempts to offer opinions about their motives and techniques. Accordingly, Whitmore is not qualified to be an expert on the topic of sex trafficking, and more specifically, the techniques or motives of the sex traffickers and reasons why sex trafficking victims might not try to escape. Her opinions on these specific topics are entirely speculative and unfounded, and therefore, cannot be admitted.  For these reasons, MASP moves

to exclude Whitmore from testifying as an expert witness in this case on these bases.

### III.   Whitmore's purported opinions lack a reliable basis and were not reliably applied to the facts of this case.

The Daubert factors listed above are intended to ensure that even witnesses who are qualified provide *reliable testimony*. See McDowell, 392 F.3d at 1298; Allison, 184 F.3d at 1312 (emphasis added). While an expert is entitled to rely on her experience in her field as a basis for her opinions, "this does not mean…that experience standing alone, is a sufficient foundation rendering reliable any conceivable opinion the expert may express." Dishman v. Wise, 2009 U.S. Dist. LEXIS 57888 (M.D. Ga. 2009) (Lawson, J) (citing Frazier, 387 F.3d at 1261). Indeed, "accepting [the expert's] experience alone as evidence of the reliability of his statements is tantamount to disregarding entirely the reliability prong of the Daubert analysis." Dukes v. State of Georgia, 428 F. Supp. 2d 1298, 1315 (N.D. Ga. 2006) (Forrester, J) (declining to find an expert's testimony reliable where the "court would need to take a leap of faith and rely on [the expert's] *ipse dixit* and assurance that his testimony is based on nationally accepted standards"). Courts are clear that when an expert is relying solely or primarily on experience, the expert "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." McGee v. Evenflo Co., 2003 U.S. Dist. LEXIS

25039, *18 (M.D. Ga. 2003) (Royal, J) (citing Fed. R. Evid. 702 Advisory Committee's Note); Dukes, 428 at 1315 (excluding expert testimony where the proffered expert did not "specify what experiences or what standards he relie[d] upon in making any of [his] determinations").

In her Report, Whitmore relies upon unsupported speculation, mere observations, and her subjective beliefs for her opinions as opposed to reliable principles and methods required for expert witnesses. As noted above, her general experience conducting occasional interviews with sex trafficking victims is not enough. As provided in Dukes, supra, we must dig deeper to determine if there is any basis to support Whitmore's opinions and generalizations about sex trafficking, the motives of sex traffickers, and the reasons why sex trafficking victims may not try to escape. But her experience does not provide a sufficient basis for these opinions, and she did not seek out reliable methods.  Instead, she refers to outdated and non-academic materials throughout her report in an attempt to support her conclusions and general comments about sex trafficking. (See Whitmore Report, at fn. 5, 6, and 8.)  For example, on pages 5, 6, and 7, Whitmore references nonacademic magazine articles and a book published by a self-defined pimp. (See Whitmore Report, at p. 5-7.)  Again, these sources are unreliable and do not provide reliable methods for Whitmore to reach her opinions. Even using this basis for her opinions, her methodology then included a singular Zoom

interview with A.J. and three Zoom interviews with Q.C. consisting of an evaluation of each Plaintiff, but she did not have a client-patient relationship, did not provide a diagnosis, and did not provide either Plaintiff any treatment plan or recommendations. (See Whitmore Report, p. 13, 19-20). Thus, Whitmore's application of her methods and principles to the facts of this case are unreliable.

Her opinions are further unreliable because while she opines in her Report that "AJ suffers in many ways due to her trafficking at the Days Inn—emotionally, mentally, and physically" and "QC's trafficking experience at the Days Inn has had a profound impact, leaving enduring affects on her emotional, psychological, and personal well-being", she did not conduct a throughout evaluation of Plaintiffs' other life events that could impact their overall mental health. Whitmore claims her assessments "explored each plaintiff's historical trauma, past and present behavior, and the possible impact her experiences, *including* the trafficking, have had on [their] current social and emotional endurance", yet her Report offers no detail whatsoever about each Plaintiff's historical trauma or other experiences outside of the subject trafficking. (See Whitmore Report, p. 13). Similarly, Whitmore offers opinions in her Report about why sex trafficking victims, including Plaintiffs may not seek help or try to escape, but she fails to mention the fact that Plaintiffs did seek help attempting to escape their trafficker at a different hotel immediately before coming to the Defendant's hotel. (See Id.,

at p. 18-21). Thus, Whitmore is either biased by failing to include this information or her opinions that the emotional, mental, and psychological effects are causally related to each Plaintiff's trafficking at the Defendant's hotel are based on pure speculation. (Id.).   Indeed, another element of the reliability test for experts includes whether "the expert has adequately accounted for obvious alternative explanations." Frazier, 387 F.3d at 1297. Here, Whitmore has not done so.

**IV.   Whitmore's opinions are not relevant under the Daubert standard or Federal Rules of Evidence 702 and 403 and should be excluded.**

Under the relevance prong of this analysis, "expert testimony is relevant if it will assist the trier of fact to understand the evidence or to determine a fact at issue in the case." Ahuja v. Cumberland Mall, 821 F. Supp. 2d 1317, 1322 (N.D. Ga. 2011) (citing Allison v. McGhan Med. Corp., 184 F.3d 1300, 1309 (11th Cir. 1999)). To be helpful to the trier of fact, the testimony must "concern[] matters that are beyond the understanding of the average lay juror." Frazier, 387 F. 3d at 1262. Testimony which amounts to nothing more than factual or legal conclusions is not helpful and is properly excluded. Cook v. Sheriff of Monroe County, Florida¸402 F.3d 1092, 1113 (11th Cir. 2005); U.S. v. Masferrer, 367 F. Supp. 2d 1365, 1373 (S.D. Fla. 2005); Fed. R. Evid. 704 Advisory Committee Notes (noting "the abolition of the ultimate issue rule does not lower the bar so as to admit all opinions…[Rules 701, 702 and 403] afford ample assurances against the

admission of opinions which would merely tell the jury what result to reach"). Because of the powerful and potentially misleading effect of expert evidence, see Daubert, 509 U.S. at 595, sometimes expert opinions that otherwise meet the admissibility requirements may still be excluded under Rule 403. Frazier, 387 F.3d at 1263. Exclusion under Rule 403 is appropriate if the probative value of otherwise admissible evidence is substantially outweighed by its potential to confuse or mislead the jury, see Rouco, 765 F.2d at 995, or if the expert testimony is cumulative or needlessly time consuming. Frazier, 387 F.3d at 1263.

First, Whitmore's opinions on the techniques used by Plaintiffs' trafficker, and the reasons Plaintiffs did not escape or seek help will not assist the trier of fact in this case. (See, generally, Whitmore Report.) Plaintiffs have alleged only one substantive cause of action in this case: a violation of the TVPRA. (See Plaintiff's Complaint, ¶¶ 54-72.) The elements of a TVPRA claim are the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit [i.e., participation in a venture], (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff. Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021). Whitmore's opinions do not assist the trier fact in deciding any of these elements. A TVPRA claim does not involve these

areas which Whitmore seeks to provide expert testimony. The technique and methods in which Plaintiffs' trafficker exploited them into trafficking, and the reasons why allegedly they did not try to escape do not address any of the TVPRA elements as alleged against MASP. Perhaps Whitmore's opinions would be relevant for a claim against Plaintiffs' trafficker, but their trafficker is not a named defendant in this action.

"[E]xpert testimony must be 'relevant to the task at hand'" and must "'logically advance[] a material aspect' of the case." McDowell v. Brown, 392 F.3d 1283, 1298-99 (11th Cir. 2004) (quoting Daubert, 509 U.S. at 591); see also Butler v. First Acceptance Ins. Co., Ins., 652 F. Supp. 2d 1264, 1271 (N.D. Ga. 2009) (stating that Daubert's relevancy inquiry means that "an expert's testimony should help the trier of fact decide the case at bar.") Here, Whitmore's proffered opinions do no such thing because she offers opinions on "the psychological dynamics typically involved in sex trafficking", which is not at issue in this litigation. (See Whitmore Report, p. 4). Since Whitmore's opinions are focused on issues that are not central to this case, her testimony has a danger to significantly mislead or confuse the jury and must be excluded. See Fed. R. Evid. 403.

Second, Whitmore's opinions do not concern matters that are beyond the scope of the average lay person, and therefore, her expert testimony is not

required. <u>Frazier</u>, 387 F.3d at 1262. She notes that her role in this case was to "describe the impact trafficking has on its victims…and the effects being trafficked at the Days Inn had on A.J. and Q.C." (<u>See</u> Whitmore Report, p. 4). But the best person to explain A.J. and Q.C.'s trafficking experiences are the Plaintiffs themselves who possess and can testify to direct and personal knowledge of such evidence. This evidence does not require an expert. <u>See</u> <u>Frazier</u>, 387 F.3d at 1262. Plaintiffs were able to explain their experiences and the emotional and mental impacts of their trafficking throughout their depositions and they will have the same opportunity at the trial of this case. Testimony from Whitmore is only cumulative evidence that serves to improperly bolster the Plaintiffs' own testimony, which would be far more prejudicial that probative to a jury. <u>See</u> Fed. R. Evid. 403. That is the exact concern with the majority of her purported opinions in this case. Throughout Whitmore's Report she merely recites the information conveyed by Plaintiffs during their interviews. (<u>See</u> Whitmore Report, p. 18-21). This is not specialized information or opinions beyond the understanding of a lay person that requires an expert witness understand the issues. Instead, it is each Plaintiff's self-serving testimony masquerading as an expert opinion. <u>Garcia v. GEICO Gen. Ins. Co.</u>, 807 F.3d 1228, 1234 (11th Cir. 2015) (holding that the court may exclude evidence as improper bolstering when the purpose of the evidence is to vouch for a witness's credibility).  She further pushes this boundary

by offering opinions based upon Plaintiffs' speculative assumptions, which are dangerously prejudicial and misleading to the jury. Fed. R. Evid. 403. (See, i.e., Whitmore Report, p. 18, 20 referencing speculative statements made by Plaintiffs about their perceptions about the Days Inn.)  Moreover, these statements are not based upon any reliable application of methods or principles to the facts of this case and improperly seeks to bolster the Plaintiffs' testimony. Such speculative conclusions are irrelevant and inadmissible.

**V.     Even if Whitmore is qualified as an expert, her proffered opinions should be limited under <u>Daubert</u> and the Federal Rules of Evidence 403.**

Even if this Court finds that Whitmore is qualified as an expert witness, her opinions should be limited. For the reasons stated herein regarding lack of reliability and relevancy, Whitmore's opinions should be limited.

Whitmore cannot be permitted to offer speculative factual conclusions couched as an expert opinion, like her "opinion" that Plaintiffs knew the hotel was "complicit" or "friendly with [their] trafficker." (See Whitmore Report, p. 18, 20). These are not expert opinions and lack any reliable basis or application to the facts of this case. Similarly, Whitmore should be prohibited from merely reciting Plaintiffs' reported feelings and experiences because the best presentation of that evidence is each Plaintiff's own testimony and Whitmore would only be cumulatively and unnecessarily bolstering that testimony. See U.S. v. Scheffer,

523 U.S. 303, 317, 118 S. Ct. 1261 (1998) (respondent was barred from introducing expert opinion testimony to bolster his own credibility). Further, Whitmore cannot allege a causal connection between Plaintiffs' trauma and the Defendant's hotel because she did not consider alternative theories of historical traumas or experiences.

In general, while Whitmore may have experience working with sexual abuse victims, she does not have proper experience, training, or education in the specific area of sex trafficking, which is where her opinions are rooted. She should be prohibited from offering expert opinions regarding sex trafficking because she does not have the proper experience, education, and training specific to sex traffickers or the reluctance of sex trafficking victims to escape and has not reliably applied methods and principles to the facts of this case. Such generalized opinions and explanations about their trafficker's techniques and their reasons for failing to escape are not issues central to this litigation and would be misleading, confusing and more prejudicial than probative for a jury to consider given that Plaintiffs' trafficker is not a defendant and there is no allegation that Defendant trafficked the Plaintiffs. Moreover, the purported opinions about the "Impact of Trafficking" for both A.J. and Q.C. should be excluded because they are cumulative evidence of Plaintiffs' testimony pursuant to Fed. R. Evid. 403 and

irrelevant because they do not assist the trier of fact to understand the issues in this case.

<u>**CONCLUSION**</u>

As outlined above, Plaintiffs' expert Anique Whitmore was disclosed well after the close of discovery and she is not sufficiently qualified to the give expert opinions as proffered. Her opinions are not based on reliable principles and methods as required under the reliability prong of the <u>Daubert</u> analysis, nor has she reliably applied them to the facts of this case and considered contrary evidence. Accordingly, MASP requests that this Court exclude Anique Whitmore as an expert in this case. If Anique Whitmore is permitted as an expert at trial, her opinions should be limited as discussed herein.

Respectfully submitted this 11th day of October, 2024.

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Marissa H. Merrill*
_____
Kori E. Wagner
Georgia Bar No. 155438
Marissa H. Merrill
Georgia Bar No. 216039
Tracy A. Gilmore
Georgia Bar No. 633193
***Attorneys for Defendant MASP, LLC***

1420 Peachtree Street, NE, Suite 800
Atlanta, Georgia  30309

-21-

TEL:  (404) 874-8800
FAX: (404) 888-6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## <u>CERTIFICATE OF FONT & CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was prepared in Times New Roman 14-point font in conformance with Local Rules 5.1C and 7.1(D), and that I have served a copy of **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT ANIQUE WHITMORE** with the Clerk of Court via electronic transmission using the CM/ECF system and served a copy of the foregoing electronically upon all parties of record via CM/ECF:

Patrick J. McDonough
Jonathan S. Tonge | Tyler Dillard
Andersen, Tate & Carr, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com | tdillard@atclawfirm.com

This 11th day of October, 2024.

**SWIFT, CURRIE, McGHEE & HIERS**

*/s/ Marissa H. Merrill*

_____
Kori E. Wagner
Georgia Bar No. 155438
Marissa H. Merrill
Georgia Bar No. 216039
Tracy A. Gilmore
Georgia Bar No. 633193
***Attorneys for Defendant MASP, LLC***

*4862-6212-6574, v. 1*

-23-