# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MASP, LLC,<br><br>　　　　Defendant. | CIVIL ACTION FILE NO.<br><br>1:23-CV-04247-JPB |

### DEFENDANT MASP, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE PLAINTIFFS' EXPERT, ANIQUE WHITMORE

COMES NOW, Defendant MASP, LLC (hereinafter "Defendant"), and hereby files this Reply Brief in Support of Its Motion to Exclude Plaintiffs' Expert, Anique Whitmore. In support thereof, Defendant states as follows:

**I.　Plaintiffs' Argument That Whitmore Was Disclosed Timely Is Disingenuous**

On March 28, 2024, the parties submitted a Joint Motion for Extension of Deadlines in the Scheduling Order, in which the Parties specifically requested an extension for fact discovery through August 14, 2024 and the addition of a deadline for the disclosure of experts by September 13, 2024, with rebuttal expert disclosures due by October 11, 2024. [Doc. 34, p. 4]. On April 2, 2024, this Court granted the motion in part and extended the deadline for the parties to complete discovery through August 14, 2024. (See April 2, 2024 Email Notification, attached hereto as

1

Exhibit A). Specifically, the Court declined to establish a separate deadline for expert disclosures as requested by the parties. (Id.)

On July 22, 2024, Plaintiffs' counsel contacted the undersigned and specifically proposed motioning the Court to add deadlines for expert disclosures. (See July 22 email from J. Tonge, attached hereto as Exhibit B). Defendant agreed to the proposal and the Parties filed their Joint Motion to Amend the Scheduling Order to Include Expert Discovery on July 26, 2024. [Doc. 47.] Importantly, the sole purpose of that Motion was to request specific deadlines for the Parties to disclose their experts. The Motion expressly requested that "this Honorable Court grant this additional request to include expert discovery and amend the scheduling order as follows:

(a) The parties' expert disclosures to be served on September 13, 2024;

(b) Rebuttal expert disclosures to be served on October 11, 2024; and

(c) Dispositive motions and Daubert motions to be filed by November 8, 2024."

(Id. at ¶ 4). Accordingly, by its plain language, the Parties' Motion requested two things: 1) establishment of expert discovery deadlines and 2) an extension of the deadline to file dispositive and Daubert motions. (Id.)

On August 1, 2024, this Court issued an Order reiterating language from its April 2, 2024 Order reminding the Parties that "[t]he Court warned the parties that,

given the lengthy period of discovery, future extensions were unlikely." [Doc. 48, p. 2.] The August 1 Order then provided that "[g]iven that the Court's April 2, 2024 extension was intended to include expert discovery, the Court is not willing to grant the full extension." (Id.) In granting the Motion in part, this Court declined to provide the parties with the requested expert discovery deadlines, but provided additional time for the parties to file dispositive and Daubert motions. The Court then directed the parties to complete fact and expert discovery **within the provided time period**, which meant prior to the discovery deadline of August 14, 2024. (Id.) (emphasis added).

This case is somewhat analogous to Doe v. Gwinnett Cnty. Sch. Dist., No. 1:18-cv-05278-SCJ, 2021 WL 12298950 (N.D. Ga. July 22, 2021). In Doe, the plaintiff informally identified her expert prior to the close of discovery, but did not formally identify the expert or produce the expert's report until two months after the close of discovery. (Id. at *2-3.) Prior to producing the expert report, the plaintiff filed a motion to extend the discovery period, which was denied by the Court. (Id. at *2.) Despite this, the plaintiff produced the report two weeks after the Court's Order denying the discovery extension request was issued, "which foreclosed Plaintiff's ability to produce that report late as she did." (Id.) The Court noted that Plaintiff's act of disclosing the report late "effectively contravened this Court's Order." (Id. at *6.) Further, the Court held that late filing was not justified, especially

in light of evidence suggesting that Plaintiff knew early in the litigation that an expert would be an important part of her case. (Id. at *7.) The Court also found that the delay was not harmless because the defendant would be "forced, well after the close of discovery, to depose [the expert] and identify a rebuttal witness" making the prejudice sufficient to warrant exclusion of the expert. (Id.)

Here, based on the plain language of this Court's orders, there is no question that this Court ordered the parties to complete ***all*** discovery by August 14, 2024. This is not a case of a misinterpretation by Plaintiffs, who have several cases pending in the Northern District and are intimately familiar with the Federal and Local Rules and procedures of the Judges in this District, including N.D. Ga. L.R. 26.2(C), which prohibits testimony from a late-disclosed expert unless "expressly authorized by Court order based upon a showing that the failure to comply was justified." Despite Plaintiffs' protestations, this is not an instance that could be considered substantially justified, as there is no genuine dispute regarding compliance. Instead, this is a far-fetched attempt to rectify a mistake. This Court's April 2 and August 1 Orders explicitly declined to establish separate deadlines for expert disclosures, despite the parties' request on two occasions for the same. Furthermore, there is absolutely nothing in the August 1 Order that could reasonably be interpreted as extending the discovery deadline past August 14, 2024.

A review of the cases cited by Plaintiffs further demonstrate why substantial justification is not a viable argument in this case, as none of the cited cases pertain to late-disclosed experts. In Devaney v. Continental Am. Ins., 989 F.2d 1154 (11th Cir. 1993), the Court considered whether sanctions were appropriately awarded based on a party's failure to respond to written discovery, even after a motion to compel was issued by the trial court. On appeal, the Eleventh Circuit found that the plaintiff's failure to respond to discovery requests and comply with court orders were not substantially justified and affirmed the award of sanctions. (Id. 989 F.2d at 1163.) In Barron v. Everbank, 1:16-cv-4595, 2019 WL 1495305 (N.D. Ga. Feb. 7, 2019), the Court considered whether an additional corporate representative offered to testify on general corporate policies and documents had been properly identified in discovery. Under those circumstances, the District Court noted that there was authority on both sides of the issue and the Eleventh Circuit had not yet issued an opinion on the specific issue, thus finding that there was substantial justification. (Id. at *3) (see also Hayes v. Deluxe Mfg. Operations LLC, 1:16-cv-2056, 2018 WL 1461690, at *3 (N.D. Ga. Jan. 8, 2018). However, both Barron and Hayes were cases were distinguished by Durham v. Navient Solutions, LLC, 1:18-cv-03147, 2019 WL 13207594, at *4-5 (N.D. Ga. Sep. 19, 2019), in which a late-disclosed corporate witness's testimony was excluded from consideration at the summary judgment stage because he had unique and specific knowledge that was not possessed by any

other employees and he had not been properly identified in discovery. (Id.) Accordingly, while none of the cases cited by Plaintiffs deal with expert witnesses, Durham makes clear that where a witness has specialized information and is not properly disclosed, the failure to disclose is not substantially justified.[1] Despite Plaintiffs' urging to the contrary, courts recognize Rule 37 as a "self-executing sanction for failure to make a disclosure" that is "the more effective enforcement mechanism of the disclosure requirement when the party required to make the disclosure would need the material to support its own contentions." Hayes, supra, at *2 (internal citation omitted).

For similar reasons, Plaintiffs' failure to properly disclose Ms. Whitmore and her opinions is not harmless. Plaintiffs argue that Defendant suffered no prejudice from the late disclosure because it "had nearly a month" to depose her "before the close of discovery", which, as discussed above, is plainly incorrect. (See Plf. Brief, p. 7-8.) Plaintiffs further argue that Defendant was not prejudiced because it had "ample opportunity to challenge Ms. Whitmore's opinions through a *Daubert* motion." (Id. at 8.) Moreover, Plaintiffs' alleged support for their argument is centered on non-binding authority from Florida and New York to support their

---

[1] Defendant notes that after the trial court denied summary judgment, a motion for reconsideration was filed and the discovery period was ultimately re-opened for 30 days to the allow the witness to be deposed, after both parties proffered that course of action as a possible solution to the issue. Durham v. Navient Solutions, LLC, 1-18-cv-03147, 2020 WL 13526689 (N.D. Ga. Jan. 3, 2020).

argument. As the Eleventh Circuit has noted, failure to timely identify proposed expert testimony denies the non-proffering party the opportunity – before the close of discovery – to depose the expert or engage in meaningful discovery about the information underlying the expert's opinions. U.S. ex rel. TVA v. Easement & Right-of-Way over 4.42 Acres of Land, 782 F. App'x 945, 951-52 (11th Cir. 2019). Further, in a footnote, the Eleventh Circuit questioned whether a showing of harm or prejudice is even necessary under the Northern District of Georgia's Local Rule. Id. at fn. 2. Nevertheless, Plaintiffs' argument completely ignores the fact that Defendant has already been prejudiced by having to file the instant motion and by not having the opportunity to depose Ms. Whitmore during the discovery period. While Plaintiffs argue that Defendant has had "ample time" to investigate and respond to Ms. Whitmore's opinions, that is not a basis to establish harmlessness. Instead, Defendant has been prejudiced in its ability to fully investigate Ms. Whitmore's opinions and its opportunity to further develop its strategies and defenses in this case due to Plaintiffs' inexcusable late disclosure of an expert that it likely knew it was going to use at least as of July 22, 2024 when counsel sought a consent motion to establish specific deadlines for expert discovery that fell after the current discovery deadline.

In sum, Plaintiffs failed to identify Anique Whitmore as a testifying expert in this case in accordance with the Local Rules and this Court's August 1, 2024 Order.

Plaintiffs' untimely disclosure was not substantially justified or harmless. Accordingly, Ms. Whitmore's disclosure was untimely and her opinions and testimony should be properly excluded.

**II.     Anique Whitmore's Expert Testimony Should be Excluded or Limited on Its Merits.**

As more fully stated in Defendant's Brief [Doc. 62-1], many of the opinions sought to be offered by Whitmore are nothing more than speculative, cumulative, or extrinsic evidence that are not necessary to assist the trier of fact in this case. For example, Whitmore's report indicates that a significant portion of the scope of her retention was focused on providing general opinions about sex trafficking and sex traffickers. [ Doc. 71-2, Report of Anique Whitmore ("Whitmore Report), p. 3-4 ("I have been asked to explain the psychological dynamics typically involved in sex trafficking and to describe the impact trafficking has on its victims, including the psychology behind common behaviors I have observed in sex traffickers and their survivors and the effects of being trafficked at the Days Inn had on A.J. and Q.C.").] When comparing this description to the TVPRA elements and controlling case law – specifically Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021), which requires that at least two of the elements be proven *as to the specific plaintiff* – it is clear that many of Whitmore's opinions are irrelevant to this case and should be excluded.

Based on the specific facts of this case, Section IV. of Whitmore's Report is speculative and wholly irrelevant, as there is no evidence of an "initiation" or "indoctrination" stage, nor is there any evidence to support that the "Lover Method" had any bearing on Plaintiffs' trafficking. (Whitmore Report, pp. 5-6.) Moreover, there is no evidence of any manipulation or drug dependence, as described in Whitmore's report. (Id., pp. 7-8.) Perhaps more importantly, Whitmore's discussion about why victims might not try to escape or seek help has the immediate potential to mislead or confuse the jury because A.J. and Q.C. both provided direct testimony about why they did not seek help. Specifically, A.J. and Q.C. testified that they did not seek help because they were nervous and scared to go home and face their respective mothers. (A.J. Depo., 119:9-13, 126:13-23, 169:15-17; Q.C. Depo., 66:8-25, 80:25-81:4, 82:11-18, 178:12-18, 244:11-18). There is literally no evidence in the record of a trauma bond or that Plaintiffs did not understand that they were being victimized, as proffered by Whitmore. (Whitmore Report, p. 9.) Furthermore, Whitmore's discussion of the psychological consequences of sex trafficking on victims generally, is not necessary to aid the trier of fact. (Id., p. 10-13.) Instead, this is superfluous general information that is not based on the facts and evidence at issue in this case, when what is really at issue is what, if any, psychological consequences are specific to A.J. and Q.C.

Even more troublesome, portions of page 11 and 12 provide detailed medical explanations about the potential effects of trauma on the brain that Whitmore is completely unqualified to provide as she has not attended medical school and is not a medical doctor. (Id., pp. 11-12; p. 3 of CV included in Report, bates labeled Plaintiffs A.J. and Q.C. 1391-1394.) Furthermore, her statements that A.J. and Q.C. had "symptoms consistent with…Post-Traumatic Stress Disorder" are equally misleading, as again, Whitmore is not a medical doctor and there is nothing in her report to support a finding that she had any kind of patient relationship with either Plaintiff. (Id., pp. 19 and 21.) As such, she is neither qualified nor in any kind of doctor-patient relationship to be able to make such a diagnosis. Further, there is no other evidence in the record of any medical provider diagnosing either Plaintiff with PTSD or any other medical condition. While there are several other portions of Whitmore's Report that should be properly excluded, this section blatantly goes beyond the bounds of any educational or professional knowledge or experience held by Whitmore and instead has the real potential to unfairly prejudice Defendant by misleading and confusing the jury.

Moreover, as outlined in the Rebuttal Report of Defendant's expert, Dr. Kimberly Mehlman-Orozco, Whitmore has provided improper testimony in at least one recent case, which further demonstrates the potential for her testimony to

mislead and confuse the jury.[2] (See Rebuttal Report, p. 8, attached hereto as Exhibit C (discussing Whitmore's improper use of the term "renegade".) Additionally, the foundation of knowledge on which she bases many of her opinions are based on non-academic and/or outdated sources of limited value. (Id., p. 10-13). Moreover, many of her opinions are directly contradicted by other evidence on the subject. (Id.) Further, as Dr. Mehlman-Orozco highlights, Whitmore's opinions are based on the self-reports of the Plaintiffs, which she takes at face value and considers to be credible. However, Courts have routinely held that expert testimony assessing the credibility of the parties is inadmissible and should not be considered. (Id., p. 14.)

### III. Conclusion

As a threshold matter, Anique Whitmore was not identified as a testifying expert in this case until nearly a month after discovery closed. Plaintiffs' failure to timely disclose her in this case was not substantially justified or harmless to Defendant. As such, she should be properly excluded on that basis. However, if this

---

[2] While Plaintiffs argue that Defendant's ability to obtain a rebuttal report to challenge Whitmore's opinions demonstrates that Plaintiffs' late disclosure of Whitmore was harmless to Defendant, this is unfounded. Instead, Defendant was prejudiced by having to obtain a rebuttal report based solely on Whitmore's written opinions without the opportunity to obtain her deposition testimony to more fully understand her opinions and the basis thereof. Accordingly, Defendant is faced with the possibility that Whitmore could provide additional or different opinions at trial without having the opportunity to adequately prepare for the same. This predicament was not of Defendant's own doing, but instead is the direct result of Plaintiffs' failure to comply with this Court's orders and the Local Rules.

Court allows her to testify, most, if not all, of Whitmore's testimony and opinions should be properly excluded for the reasons discussed above and outlined in full in Defendant's original brief, and Defendant urges this Court to limit her testimony to the facts and evidence at issue in this case and opinions that are specific to A.J. and Q.C. and their experience at Defendant's property.

Respectfully submitted, this 8th day of November, 2024.

                          SWIFT, CURRIE, McGHEE & HIERS

           By:   *Kori E. Wagner*
                Kori E. Wagner
                Georgia State Bar No. 155438
                Marissa H. Merrill
                Georgia State Bar No. 216039
                Tracy A. Gilmore
                Georgia State Bar No. 633193
                ***Attorneys for Defendant***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

                        SWIFT, CURRIE, McGHEE & HIERS

            By:  *Kori E. Wagner*
                  Kori E. Wagner
                  Georgia State Bar No. 155438
                  Marissa H. Merrill
                  Georgia State Bar No. 216039
                  Tracy A. Gilmore
                  Georgia State Bar No. 633193
                  ***Attorneys for Defendant***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## CERTIFICATE OF SERVICE

This are to certify that on the 8th day of November, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT MASP, LLC's REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE PLAINTIFFS' EXPERT, ANIQUE WHITMORE** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

        SWIFT, CURRIE, McGHEE & HIERS

By: *Kori E. Wagner*
    Kori E. Wagner
    Georgia State Bar No. 155438
    Marissa H. Merrill
    Georgia State Bar No. 216039
    Tracy A. Gilmore
    Georgia State Bar No. 633193
    ***Attorneys for Defendant***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4853-3643-7238, v. 1