IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| A.J. and Q.C., <br><br> Plaintiffs, <br><br> v. <br><br> MASP, LLC, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> 1:23-CV-04247-JPB |

**DEFENDANT MASP, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant MASP, LLC (hereinafter "Defendant" and/or "Days Inn"), and hereby files this Reply Brief in Support of its Motion for Summary Judgment. In support thereof, Defendant states as follows:

**INTRODUCTION**

As an initial matter, this Defendant strongly rejects Plaintiffs' contentions that its Motion for Summary Judgment was filed in bad faith, intended to "burden Plaintiffs with unnecessary work", or "a disingenuous attempt to check a procedural box." (Pl. Resp. Brief, at p. 2). Defendant filed the instant Motion for Summary Judgment because Plaintiffs are missing key elements of their TVPRA claim that warrants summary judgment in favor of Defendant. In fact, in two recent cases this Northern District Court granted summary judgment for a similar defendant hotel

operator when the same key elements of a TVPRA claim were missing from the plaintiff's case.  See G.W. v. Northbrook Indus., Inc., -- F.Supp.3d --, No. 1:20-CV-05232-JPB, 2024 WL 3166083, at *4 (N.D. Ga. June 14, 2024); see also C.B. v. Naseeb Investments, Inc. d/b/a The Hilltop Inn a/k/a Econolodge, -- F.Supp.3d --, 1:20-CV-04213-AT, [Doc. 164] (N.D. Ga. Sep. 12, 2024).

In G.W., this Court critically examined the second element of a TVPRA claim: whether the hotel participated in a common undertaking. Despite that case having even more egregious allegations, the Court held that there was insufficient evidence to establish the hotel's participation in the sex trafficking venture. G.W., 2024 WL 3166083, at *4.  In C.B., this Court noted that it is "exceedingly difficult to detach the analysis of [the] second element from its analysis of the fourth element" (whether defendant knew or should have known the venture violated the TVPRA as to plaintiff). C.B., at [Doc. 146] *40.  The Court then emphasized the TVPRA's requirement that knowledge of the sex trafficking venture pertaining to the specific plaintiff is an essential element. Id. at [Doc. 146] *40-41. Even with evidence of prior incidents of trafficking and prostitution at that hotel, this Court held that separate prior incidents alone are not sufficient to meet the standard for "a TVPRA claim which…require(s) actual or constructive knowledge as to the trafficking of the individual plaintiff, plus some degree of acceptance or welcoming of that trafficking." Id. at [Doc. 146] *46 (quoting Riti, 2024 WL 505063, at *4).

Here, summary judgment is warranted for Defendant as a matter of law because Plaintiffs have failed to present sufficient evidence to satisfy two essential elements of their claim: Defendant's participation in the alleged venture (element two) and its knowledge of the unlawful conduct (element four).[1] Neither Plaintiffs' own motion nor its Response Brief to Defendant's motion establish the second and fourth elements of their TVPRA claim. Plaintiffs' Response Brief overwhelmingly relies upon speculative assumptions and self-serving testimony to support their claims. But this evidence cannot be considered at this summary judgment stage. Even the supposed "critical liability facts" cited by Plaintiffs contain speculative assumptions and facts that are completely irrelevant to this Court's determination of the elements of a TVPRA claim. (See Pl. Resp. Brief, at p. 3).  Moreover, even that speculative evidence about a relationship between the Defendant's hotel employees and Plaintiffs' traffickers and the interactions between the hotel employee and Plaintiffs have been determined to be insufficient to defeat summary judgment in other similar cases. (See G.W., 2024 WL 3166083, at *4; and C.B., at [Doc. 146] *46, 48).

**ADDITIONAL ARGUMENT AND CITATION TO AUTHORITY**

**A. Defendant has no evidence or knowledge of Plaintiffs' trafficking because it did not participate in the sex trafficking venture.**

---

[1] Defendant hereby incorporates by reference its Response in Opposition to Plaintiffs' Motion for Summary Judgment [Doc. 79].

Plaintiffs contend that Defendant cannot rebut their evidence or allegations because it lacks any knowledge or evidence to do so. Such a position is a manipulation of the record and it is simply incorrect. Defendant has no evidence of Plaintiffs' trafficking because it did not have actual or constructive knowledge about their trafficking. Nor did it participate in their trafficking. This was clarified by the affidavit of Alpesh Patel, general manager of the subject hotel, who confirmed he did not observe signs or evidence of sex trafficking at the subject hotel involving Plaintiffs or their traffickers. (See Patel Affidavit, [Doc. 79-02]). He further testified he has no knowledge of any employees at the subject hotel facilitating, assisting, or otherwise involved in either Plaintiffs' sex trafficking because he did not personally observe any suspicious behaviors, none were reported to him by his staff, and the police department did not investigate the hotel for any such involvement. (See id.)

It is Plaintiffs' burden to prove that the hotel participated in the sex trafficking venture with their traffickers and that the hotel knew or should have known about Plaintiffs' specific trafficking. Defendant disputes these allegations and provided sworn testimony contradicting them. Plaintiffs cannot rely upon the Defendant's inability to recall specifics or produce documents related to an incident that occurred **more than eleven years ago** as purported confirmation of Plaintiffs' version of events. Plaintiffs cannot punish the Defendant for not having business records from 2013 when there is no requirement whatsoever that any business keep records for

such a prolonged period of time. Moreover, it is significant that the Plaintiffs have *different* versions of the events – specifically including alleged interactions with Defendant's staff that they now heavily rely upon in their Response Brief. For example, A.J. testified that she was solicited for sex by a hotel employee in the presence of Q.C. after they were locked out of the hotel room. (See A.J. Depo., 162:1-19). Yet, Q.C. offered no testimony about this significant allegation when specifically asked about when they were locked out of the room and her interactions with the hotel staff. (See Q.C. Depo., 192:17—193:18; 195:19-25; 199:15-22; 205:18-20). Lastly, Plaintiffs' speculative assumptions about the Defendant's knowledge and interactions with their traffickers must be removed from the evidence during the summary judgment stage. Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005). Once removed, the record is severely lacking, which entitles Defendant to summary judgment.

### B. The record lacks sufficient admissible evidence proving the Defendant participated in a venture under the TVPRA.

The Eleventh Circuit Court has issued two rulings on cases involving TVPRA claims against hotel defendants related to sex trafficking. Doe #1 v. Red Roof Inns, Inc. v. Red Roof Inns, Inc., 21 F.4th 714, 726 (11th Cir. 2021) (outlining the four essential elements of a TVPRA beneficiary claim); see also K.H. v. Riti, Inc., No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2023) (again emphasizing that the participation element requires more than just observations of signs of sex

trafficking). This district court recently considered motions for summary judgment on a number of TVPRA claims against hotel operators and in these rulings, this Court interpreted the rulings from the Eleventh Circuit, which addressed motions to dismiss, and considered its application at the summary judgment stage.[2] Significantly, this District Court recently granted summary judgment for a defendant hotel operator in G.W. v. Northbrook Indus., Inc. because the evidence was not sufficient to establish the hotel participated in a common undertaking for the sex trafficking of the plaintiff. G.W., 2024 WL 3166083, at *4. The evidence in the record here is similar, and even less egregious than in G.W., and therefore, we urge this Court to reach the same conclusion.

In G.W., the plaintiff alleged the hotel participated in a common undertaking with the trafficker because hotel employees were familiar with him, rented rooms to him, provided additional towels upon request, and even offered an allegation that the plaintiff was locked out of her room and interacted with the front desk employee who called her trafficker for access to the room. Plaintiffs offer these same allegations in our case. Despite these facts, the G.W. Court ruled it was insufficient to demonstrate the hotel's participation in the sex trafficking venture. In fact, it was not enough for the participation prong that the hotel knew or should have known that

---

[2] Notably, the only cases cited by Plaintiffs are cases considering the standard of a motion to dismiss, not summary judgment.

-6-

sex trafficking was occurring at its property and still engaged with the trafficker in this way. Id. at *5.  Instead, the Court reasoned that a "Plaintiff must show *more* than [Defendant's] knowledge of illicit activity and its rental of rooms to Plaintiff's traffickers." Id.  The Court further held that the plaintiff was "required to show that the defendant took some action *in common with the traffickers* or others at the hotel who violated the statute to further the object of the traffickers." Id. at *3.  It is particularly significant that the facts in G.W.  were more egregious than those in the present case, yet the Court still found insufficient evidence to support the TVPRA claim. This underscores why a similar conclusion is warranted here.  In G.W. the minor plaintiff wore provocative clothing, loitered in the hotel common areas, and purchased condoms from the front office, and the defendant hotel was known as a "problem hotel" with police presence **for commercial sex crimes** at least seven times in the preceding four years. Id. at *1-2.  These facts are not present in our case whatsoever.  Importantly, this Court in G.W. held that the plaintiff was "required to show that the defendant took some action in common with the traffickers or others at the hotel who violated the statute to further the object of the traffickers." Id.  Here, there is no admissible evidence that the Defendant took any "action in common with" Plaintiffs traffickers "to further the object of the traffickers." Id.

While Plaintiffs contend that Defendant's employees assisted the traffickers by acting as a lookouts, called to check in about supplies after dates, and attempted

to solicit the Plaintiffs for sex, that evidence is contradicted by the Plaintiffs themselves, evidencing the self-serving and speculative nature of such testimony. As such, that evidence cannot be considered to create a genuine issue of material fact. See Atakora v. Franklin, 601 Fed. Appx 764, 766 (11 Cir. 2015) ("Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment.").

Plaintiffs "cho[se] not to belabor their point" for the participation element (See Pl. Resp. Brief, at Fn. 40), but it is crucial to investigate the evidence they believe is undisputed and supportive of their claims because it is both disputed and inadmissible. It is complete speculation that the Defendant's employees were lookouts working with Plaintiffs' traffickers. Q.C. testified her trafficker had a "team" of two guys and three girls watching them at the hotel, but she never met any of the individuals and did not know if any of the individuals were hotel employees. (See Q.C. Depo., 154: 6-20, 172:3-6; 229:5-21; see also A.J. Depo., 157:13-16; 165:9-19). Plaintiffs also rely on inadmissible hearsay, claiming that Hill told them he worked with the hotel to watch them. Thus, while Plaintiffs testified that they thought people at the hotel were acting as lookouts, the evidence is lacking to demonstrate that any purported lookouts were employed by or associated with the Defendant.

To make a finer point – Plaintiffs' evidence is self-serving and rife with speculation. In fact, the only specific example of alleged "direct, nonspeculative evidence" referenced in Plaintiffs' Response Brief is that they witnessed a front desk employee call someone, who the employee explained was Hill, when they were locked out and needed access to the room. (See Pl. Resp. Brief, at p. 15). But again, a hotel employee's phone call to a registered guest when someone else is requesting access to that room is not indicative of sex trafficking, and certainly not evidence the employee was participating in a sex trafficking venture.  Asserting a connection between that phone call, of which Plaintiffs did not hear the substance, and the sex trafficking venture is an impermissible speculative leap. (See A.J. Depo., 163:12-20; Q.C. Depo., 196:12—198:17 ("I'm just not really sure exactly how that interaction went."); 199:15-22; 205:18-20; 238:24—239:11). Likewise, Plaintiffs argue "[their] assertion that Defendant and its employees knowingly assisted and facilitated their trafficking is based on similar nonspeculative evidence" but failed to detail specific examples and the citation to "Supra 3-7" referred only to Plaintiffs' testimony that they were sold for sex in Room 123 at the hotel, including sex acts together with the same buyer, for a total of 14 buyers, and the hearsay and speculative statements that Hill boasted he knew the front desk employee and manager.  These are not proof of

direct, nonspeculative evidence, and instead, quite the contrary.[3] To be clear, there is no evidence confirming that the hotel knew either of Plaintiffs' traffickers, Hill or Adams, were involved in sex trafficking or that the Defendant rented the room to them for that purpose.

Similarly, to the extent Plaintiffs contend that the Defendant provided "supplies" to Plaintiffs which suggests supplies for the sex trafficking, this is a misrepresentation of the record. Defendant's housekeepers provided towels, bed sheets, and soap, as needed, which are typical hotel toiletries provided to hotel guests. Despite Plaintiffs' argument that the housekeepers delivered such toiletries to the room three-to-four times per day, which they contend is somehow sufficient to show direct involvement in their trafficking, their sworn testimony fails to support such an argument. Q.C. recalled housekeeping coming by *only three-or-four times during her stay* (which meant approximately twice per day for their two-day stay) and she could not detail how her need for alleged supplies were communicated to the hotel staff or by whom. (See Q.C. Depo., 188:14—189:24; 190:9). In fact, her interactions with housekeeping staff was so brief that she did not have enough time

---

[3] Plaintiffs again argue that "Defendant cannot provide any positive and uncontroverted evidence to contradict the Plaintiffs' evidence…" but the Plaintiffs' testimony about the hotel's alleged participation in their sex trafficking has been specifically contradicted by the Defendant in pleadings and the sworn affidavit of the hotel manager, Alpesh Patel. (See Supra Section A; Patel Affidavit, [Doc. 79-02]).

to ask them for help escaping her trafficker. (Id., 190:25—191:3). Further, while the only description Q.C. could provide of this housekeeper was that she was a "Hispanic lady with dark hair", A.J. described the housekeeping as "either a guy or a girl…of a foreign ethnicity" and that the guy did not speak English. (Id., 190:12-17; A.J. Depo., 176:25-177:3, 178:4-10). Plaintiffs' contention that these limited encounters with housekeeping suffice to establish Defendant's participation in the sex trafficking venture requires this Court to engage in a strained exercise to find a genuine issue of material fact on this issue.

Lastly, in support of this second element, Plaintiffs heavily rely upon the self-serving testimony of A.J. that a hotel employee solicited her for sex during an interaction as evidence that the Defendant "assisted Plaintiffs' traffickers." (See Pl. Resp. Brief, at p. 13; A.J. Depo., 162:1-19.) Yet, Q.C. *never* mentioned that she or A.J. were solicited for sex by an employee of the hotel during her testimony about the incident. (See Q.C. Depo., 192:17—193:18; 195:19-25; 199:15-22; 205:18-20.) Interestingly, this alleged solicitation was not mentioned in A.J.'s 2013 written police statement (immediately after her rescue ), not mentioned in Plaintiffs' Complaint, and not mentioned in Plaintiffs' discovery responses. (See Docs. [1], [63-9], and [63-10]). It is puzzling that this alleged solicitation was mentioned for the first time immediately before Plaintiffs' sought to file their own motion for summary judgment where they contend that Defendant cannot dispute their evidence (their own

testimony) about the employees' participation in their sex trafficking.  Defendant has no knowledge whatsoever about such an incident where an employee allegedly solicited one of the Plaintiffs for sex at the hotel and any such action would have been wholly outside the scope of their employment and a violation of their job duties. (See Patel Affidavit, [Doc. 79-02]).

### C. Plaintiffs cannot prove the third element of their TVPRA claim.

To prove the third element of the TVPRA, Plaintiffs must adduce evidence that "[they were] minors when [they were] forced to engage in commercial sex acts and that the Defendant had reasonable opportunity to observe [them] on the premises. D.H. v. Tucker Inn, Inc., 689 F. Supp. 3d 1304, 1310 (N.D. Ga. 2023 (citing U.S. v. Whyte, 928 F.3d 1317, 1328 (11th Cir. 2019)).  In support thereof, Plaintiffs make four points that are again purely speculative assumptions of fact and not supported by the evidence in the record. First, they contend Defendant's housekeepers had the opportunities to observe Plaintiffs in the hotel room surrounded by sex paraphernalia, yet there is no evidence of what the housekeepers witnessed. Instead, the record only confirms the sex paraphernalia present at the time of the police investigation (which occurred as part of a sting when A.J. and/or Q.C. thought a date was coming) and Q.C. testified that her doorway interactions with the housekeeper were so brief she could not ask for help. The second, third, and fourth points raised by Plaintiffs here have been addressed in the above Section B., supra,

and for efficiency, Defendant hereby incorporates the same arguments as discussed above regarding these examples.

In sum, regarding this third element, there has been no evidence presented that the hotel should have known Plaintiffs were minors through its limited observations of them on the property. Other than providing their age, Plaintiffs have made no allegations that they looked young or had any other characteristics that could have informed Defendant as to the fact that they were minors. Nor is there any evidence the Plaintiffs exhibited physical injuries that could demonstrate they were being forced into actions or being held against their will. Further, Plaintiffs did not present any evidence to show that Defendant had a reasonable opportunity to observe anything that would suggest they were engaging in commercial sex acts. Instead, these were two females dressed in non-suggestive clothing that would not alert Defendant or anyone else to any malfeasance.

### D. The evidence does not support a finding that Defendant had actual, or constructive, knowledge that the venture violated the TVPRA as to the Plaintiffs.

The Court's analysis for the fourth element (knowledge) in a TVPRA claim is intricately connected to the second element (participation in a venture), and for that reason, Defendant hereby incorporates its arguments raised in Section B, supra; See also C.B., 1:20-CV-04213, at *40. In C.B., this Court refused to hold that evidence of prior trafficking incidents or other commercial sex acts at the property were

sufficient to prove even constructive knowledge for the fourth element of a TVPRA claim. This was true even with facts that a prior trafficking incident had occurred with a different trafficker and victim where he "duct taped her, put sheets over her head, walked her through Defendant's common area (where there were cameras) and stuffed her in the back of his car." (Id. at *45). Instead, the Court required evidence of the defendant's "actual or constructive knowledge *as to the trafficking of the individual plaintiff*, plus some degree of acceptance or welcome of that trafficking." (Id. at *46) (emphasis in original).

Plaintiffs cannot prove that the Defendant had actual or constructive knowledge of the Plaintiffs' specific trafficking at the hotel. As discussed throughout, Plaintiffs' rely on speculative, self-serving, and contradictory evidence in an attempt to meet this burden. But such evidence should not – and cannot – sway this Court at this summary judgment stage. When viewing the actual evidence, it is clear that the Plaintiffs have offered no admissible evidence whatsoever that Defendant "knowingly rented rooms to Plaintiffs' traffickers". Rather, when Plaintiffs arrived on the property, they did not check in because the room was already rented by Hill or Adams. (See A.J. Depo., 135:23—136:1; Q.C. Depo., 145:3-6). They were never present for the room rentals, (See Q.C. Depo., 202:5-7; 205:13-15)

and therefore, there could be no possible way the Defendant knew the room was being rented to traffic these Plaintiffs for sex.[4]

**E. Plaintiffs' claim for punitive damages fails as a matter of law.**

Even if the standard for Plaintiffs' punitive damages claim is the lesser preponderance of the evidence standard, Plaintiffs have not met their burden. As more fully outlined in Defendant's summary judgment brief and the arguments made herein, punitive damages are not warranted in this case.

## CONCLUSION

For the reasons stated herein, and those stated in Defendant's original Brief in Support of its Motion for Summary Judgment, Defendant MASP, LLC respectfully requests that this Court GRANT its Motion and for all other relief this Court deems just and proper.

Respectfully submitted, this 22nd day of November, 2024.

SWIFT, CURRIE, McGHEE & HIERS

By: *Marissa H. Merrill*
Kori E. Wagner
Georgia State Bar No. 155438
Marissa H. Merrill
Georgia State Bar No. 216039
Tracy A. Gilmore

---

[4] In their Response Brief, Plaintiffs again cite to their allegation that the Defendant's employees acted as lookouts, checked in after visitors left the room, housekeepers delivered linens, and the alleged incident of solicitation by an employee. For the same reasons discussed above, this evidence does not preclude summary judgment for the Defendant.

                                                Georgia State Bar No. 633193
                                                ***Attorneys for Defendant MASP, LLC***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:   404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

## **CERTIFICATE OF COMPLIANCE**

Counsel hereby certifies that this document has been prepared with one of the font and point selections approved by the Court pursuant to L.R. 5.1(C) of the Northern District of Georgia, specifically, 14 point, Times New Roman font.

                        SWIFT, CURRIE, McGHEE & HIERS

                By:  <u>*Marissa H. Merrill*</u>
                     Kori E. Wagner
                     Georgia State Bar No. 155438
                     Marissa H. Merrill
                     Georgia State Bar No. 216039
                     Tracy A. Gilmore
                     Georgia State Bar No. 633193
                     **Attorneys for Defendant MASP, LLC**

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

**CERTIFICATE OF SERVICE**

This are to certify that on the 22nd day of November, 2024, I have caused to be served upon counsel for all parties a true and correct copy of the foregoing **DEFENDANT MASP, LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** by filing same through use of the Court's online filing system, the CM/ECF system for the United States District Court for the Northern District of Georgia, which will serve all counsel of record.

                        SWIFT, CURRIE, McGHEE & HIERS

                        By:  *Marissa H. Merrill*
                             Kori E. Wagner
                             Georgia State Bar No. 155438
                             Marissa H. Merrill
                             Georgia State Bar No. 216039
                             Tracy A. Gilmore
                             Georgia State Bar No. 633193
                             ***Attorneys for Defendant MASP, LLC***

1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Tel:  404.888.6162
Fax:  404.888.6199
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com
tracy.gilmore@swiftcurrie.com

4885-7749-7085, v. 4